HERMAN T. JAHN, *et al.*, Appellants; v. C. H. PURVIS, Appellee

199 So. 340
Division A
Opinion Filed December 20, 1940

*A. C. Brooks,* for Appellants;
*Edwin R. Dickenson* and *John H. Bledsoe,* for Appellees.
Per Curiam.—Appellants, Herman T. Jahn, *et al.,* plain-

tiffs below, filed a bill of complaint September 24, 1930, against C. H. Purvis seeking to cancel two deeds, one from J. William Jahn in 1918 to Anna Jahn, his wife, and another from Anna Jahn, a widow, to C. H. Purvis, dated September 25, 1923, and to declare both and each of the same null and void, and to enjoin appellee, defendant below, from claiming or attempting to assert any right, title or interest in and to the said property, to-wit:

"Lot 5 of Section 12, Township 32 South, Range 18 East, containing 51.12 acres, same as Deed E-319 less about 5 chains on west side, deeded to T. Saunders about 1912 and about 5 chains on east side, deeded to Mrs. O. Raybon about 1914"—which said property is the remaining portion of the homestead of the said J. William Jahn and Anna Jahn . . ."

In his answer, appellee admitted that he had purchased the above described property from Anna Jahn in good faith and for a valuable consideration, and had been in possession ever since, expending large sums of money in making various improvements to the said premises. He prayed for affirmative relief, to-wit: a decree holding that he is the sole owner of the premises; or if complainants be held to be the owners, then that the defendant is entitled to an equitable lien against said premises for the value of the said substantial improvements made by him to the property.

The learned chancellor in the final decree found that the complainants had failed to establish the homestead character of the land. This was error. The uncontradicted evidence was to the effect that J. William Jahn was living on the land with his wife at the time of his death. Jordan v. Jordan, 100 Fla. 1586, 132 So. 466. At the time he executed the purported deed to his wife he was living on the land which he owned, as head of the family, and with the exception of a short period of time, had been living there

ever since he purchased the land in 1883. The purported conveyance of this property to the wife was neither signed by the wife nor separately acknowledged by her. The deed executed solely by John William Jahn, the husband, by which he attempted to convey legal title to the homestead real estate, was a nullity and effected nothing. It conferred upon the named grantee, the wife, no right, title, or interest whatever in the property. Thomas v. Craft, 55 Fla. 842, 46 So. 594, 15 Ann. Cas. 1118; High v. Jasper Mfg. Co. 57 Fla. 437, 49 So. 156; Byrd v. Byrd, 73 Fla. 322, 74 So. 313. The attempted conveyance being void and the husband having been in possession of the land at the time of his death in 1918, no question of title by adverse possession appears prior to that date. Byrd v. Byrd, *supra*.

The widow, after the death of her husband leaving children surviving, did not within the time limited elect to take a child's part, the husband apparently dying intestate, and therefore was confined to a dower interest (Comp. Gen. Laws 1927, Secs. 5484, 5493, 5496; Const., Art. X, Secs. 1, 4, 6). She purported to sell the land by warranty deed to appellee September 26 1923, while the void deed from her husband was of record. After purportedly selling the property, she continued to live on the property after that time but disclaimed all ownership in the property. Appellee claimed the property as exclusive owner from and after the date of the deed. The record shows the bill of complaint was filed by appellants, heirs of the said J. William Jahn, before the statutory period of seven years adverse possession had run. Sec. 4655, *et seq.*, C. G. L. 1927.

The evidence is in conflict as to whether or not plaintiffs below had sufficient possession at the time of the filing of the bill to maintain a suit in equity to quiet title. The defendant had been in possession for several years but some time before the bill was filed the appellant went to the

property and nailed boards across the door, which defendant testified he tore down upon his return. It is true that wrongful possession is not such possession as the owner must have in order to maintain a bill to remove a cloud on title. Hughey v. Winborne, 44 Fla. 601, 33 So. 249. But even if the plaintiffs were not in possession, the defendant in his answer asked for affirmative relief and if the plaintiffs failed to show possession, the court would have jurisdiction of the cause on the defendant's prayer for affirmative relief.

The final decree awarded title to the defendant, stating that "the defendant, C. H. Purvis, and his predecessor in title, Anna Jahn, had been in continuous and uninterrupted possession of the property . . . since the year 1918 . . ." While this is true, the possession of Anna Jahn was not adverse to the plaintiffs' rights, since the purported conveyance to her from her husband was void, and possession was not inconsistent with her right of dower. See Mullan v. Bank of Pasco County, 101 Fla. 1097, 133 So. 323. The adverse possession of the defendant cannot be tacked to the possession of Anna Jahn, and her deed purporting to convey land belonging to her husband merely constituted an assignment of any dower right she might have. Such a deed, however, must constitute color of title sufficient to support an adverse claim against the heirs. Mullan v. Bank of Pasco County, *supra*.

"That the defendant paid a valuable consideration for said land, during which said time the defendant in good faith put on said land substantial and valuable improvements, which have enhanced the value thereof; all of which was well known to the plaintiffs; that the plaintiffs have not offered to do equity by either refunding the purchase price paid by the defendant nor offering to reimburse the defendant for such substantial improvements aforesaid put on the land by the defendant, and that the plaintiffs are

now estopped from asserting claim of title to said land on account of their laches and their acquiescence through a long period of years in the claim of ownership by the defendant."

The plaintiffs filed their suit to recover from the defendant before the expiration of the seven years under defendant's claim of adverse possession under color of title and, therefore, are not estopped by laches.

Plaintiffs did not receive the consideration paid by defendant to his grantor and, therefore, they are not in equity and good conscience required to return that sum to the defendant. Equity and good conscience do require, however, that plaintiffs reimburse defendant for the value of permanent improvements which he placed upon the premises, less the value of such timber or other property of value which the record shows he took from the property during his occupancy.

From the testimony the chancellor may determine the reasonable amount, if any, which the plaintiffs should be required to pay defendant for the net value of such permanent improvements as defendant may have made on the premises and impress a lien thereon for such amount.

For the above reasons, the order of the court awarding title to the land to the defendant, C. H. Purvis, is reversed, and the cause remanded for further proceedings as may be advised not inconsistent with this decision.

TERRELL, C. J., BUFORD, THOMAS and ADAMS, J. J., concur.

Justices WHITFIELD and BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.