193 So.2d 474 (1967)
Joan GORDON, Appellant,
v.
Joe VAUGHAN, Appellee.
No. 65-900.
District Court of Appeal of Florida. Third District.
January 10, 1967.
*475 Ralph H. Bearden, Jr., and F.M. Lucarelli, Miami, for appellant.
H.I. Fischbach, Miami, for appellee.
Before HENDRY, C.J., and BARKDULL and SWANN, JJ.
PER CURIAM.
Joan Gordon, defendant in a mortgage foreclosure action, suffered a decree pro confesso and final decree through no fault of her own. Her motion to set aside the decree pro confesso and final decree having been denied, she takes this appeal. We think that she should be given her day in court, and reverse.
It appears that the defendant executed a note and mortgage to Hystan Construction, Inc. in 1962. These were assigned to the plaintiff, Joe Vaughan, in 1964, and he sought to foreclose upon the mortgage on May 17, 1965.
Service was made by mail and publication, as the defendant was out of the state during the proceedings. Prior to the return date, the defendant filed a notarized letter in which she claimed that she had not been notified of the assignment and that she had sent all the mortgage payments before May 1 [1965] to Mr. King (president of Hystan).
The defendant arranged to have an attorney represent her. It appears that this attorney filed a motion to dismiss, but then left the State of Florida without taking further action for her. No answer having been filed, a decree pro confesso and final decree were entered.
Six days after entry of the final decree of foreclosure, the defendant, through a newly retained attorney, moved the court to set aside the decree pro confesso and final decree, and this motion was denied.
It appears that at various stages of the proceeding the defendant had attempted to notify the court of her intention to contest the suit in person and by counsel. Upon receipt of the initial complaint, she wrote letters to the court and to the plaintiff's attorney.
During the pendency of the suit, the defendant forwarded payments for the amounts due on the mortgage, but they were returned to her. The court, by letter dated June 23, 1965, apparently recognized that there was some confusion concerning the representation of the defendant, Joan Gordon, inasmuch as the court wrote directly to the defendant at an address in Miami, Florida and forwarded a copy of the letter to plaintiff's attorney. Upon being advised that a decree pro confesso had been entered against her, the defendant promptly filed a motion to set aside the default, final decree and the pending sale, and alleged that she was never notified of the assignment, that she had made the required monthly payments, and prayed that the default and final decree be set aside.
Rule 1.38(b), Florida Rules of Civil Procedure, 30 F.S.A., provides as follows:
"* * * Excusable Neglect; * * * On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) * * * excusable neglect; * * *. The motion shall be made within a reasonable time, and * * * not more than one year after judgment, decree, order, or proceeding was entered or taken. * * *"
* * * * * *
The cases interpreting this Rule have established the law in Florida to be that the opening of defaults or the vacating of judgments are matters for judicial discretion. In cases of reasonable doubt where there has been no trial upon the merits, this discretion should be liberally exercised in favor of granting the application so as to permit a determination of the controversy upon the merits, rather than upon procedural technicalities. Evans v. Hydeman, Fla.App. 1964, 168 So.2d 183; Florida Investment *476 Enterprises, Inc. v. Kentucky Co., Fla.App. 1964, 160 So.2d 733. See also: North Shore Hospital, Inc. v. Barber, Fla. 1962, 143 So.2d 849.
Accordingly, the decision of the trial court is reversed and the cause is remanded with instructions to set aside the decree pro confesso and the final decree.
It is so ordered.