PER CURIAM.
This is an interlocutory appeal by the defendant from two orders entered in a suit to foreclose a mechanics lien. The facts generally are that the plaintiff, Herman A. Thomas, Inc., filed its complaint to foreclose a mechanics lien against Marie W. Sharpe, the defendant. The defendant filed a motion to make the complaint more definite and certain as to the “extras” on the ground that the complaint was so uncertain and vague that the defendant could not frame a responsive pleading thereto. The trial court granted this motion, required plaintiff to amend its complaint within ten days “by attaching thereto an itemization comprising the extras claimed”, and ordered the defendant to file her answer within ten days after service of the amended complaint.
*656 On August 17, 1967, the plaintiff filed (and served) an amended complaint in which the allegations of the original complaint were realleged and two new paragraphs (with supporting exhibits) were added. Although the order on the defendant’s “motion to make definite and certain” clearly specified that the defendant was to file her answer within ten days after service of the amended complaint, no such answer was filed. Instead, within the ten day period, a motion to dismiss was filed, alleging that the amended complaint affirmatively showed that the amount claimed by the plaintiff had been fully paid.
After the expiration of the ten day period, the plaintiff filed an amended motion for entry of a default on the ground that the defendant wilfully failed to comply with the order of the court by not filing an answer. At 4:54 P.M. on September 13, 1967, the defendant filed an answer and counterclaim. On September 15, 1967, the plaintiff’s amended motion for default was granted by the court “after due and proper notice”.
The defendant moved for re-hearing and to have the order vacated without success. She now takes this interlocutory appeal from the order granting the default and the order denying her motion to vacate or grant re-hearing.
Regarding defaults, we stated in Gordon v. Vaughan, Fla.App.1967, 193 So.2d 474, 475:
“The cases interpreting this Rule h«ve established the law in Florida to be that the opening of defaults or the vacating of judgments are matters for judicial discretion. In cases of reasonable doubt where there has been no trial upon the merits, this discretion should be liberally exercised in favor of granting the application so' as to permit a determination of the controversy upon the merits, rather than upon procedural technicalities.”
In Barron and Holtzoff, Federal Practice and Procedure § 1217, it.states:
“A motion to set aside a default or a judgment by default is addressed to the discretion of the court, and an adequate basis for the motion must be shown. In exercising this discretion the court will be guided by the fact that default judgments are not favored in the law. Courts exist to do justice, and are properly reluctant to lend their processes to the enforcement of an unjust judgment. At the same time, the rules which require responsive pleadings within a limited time serve important social goals, and a party should not be permitted to flout them with impunity. In balancing these policies the court should not re-open a default judgment merely because the party in default requests it, but should require the party to show both that there was good reason for the default and that he has a meritorious defense to the action. However, the fact that defendant has a meritorious defense does not justify setting the judgment aside if no good excuse for default is shown.” [Id at P. 89-90]
In the instant case, the defendant did file a pleading in response to the amended complaint. She argues that, although she never tested the sufficiency of the original complaint, she was nevertheless entitled to test the sufficiency of the amended complaint because new allegations were added. She claims that an answer should not have been required, prior to disposition of the motion to dismiss, which had not been done at the time the default was entered. She also argues that, her answer and counterclaim were filed prior to the entry of the default.
Under these circumstances, a pleading [motion to dismiss] had been filed and we find that the refusal to set aside the default constituted an abuse of discretion and amounted to “punishment” for possible misconduct on the part of the defendant’s *657 counsel. If that be the case, it would seem to be unfair to penalize the litigant for the conduct of her counsel.
We, therefore, reverse and remand with instructions to set aside the default hereto entered and for further action consistent herewith.
Reversed and remanded.