PEARSON, Judge.
The appellants are Arthur Falkner and Syble June Falkner, his wife; they were the plaintiffs in the trial court in an action for the specific performance of a deposit receipt contract to purchase a residence. The appellees are Wilfred Pastrano and Faye Pastrano, his wife. They were alleged to have agreed to sell the property. The final judgment which is appealed found substantially as follows: (1) that the equities were with the Pastranos, (2) that Faye Pastrano did not sign the deposit receipt and (3) that the deposit receipt is not an enforceable contract. The Falkners appeal from this final judgment.
The first point presented for reversal is that the court erred when it set aside a default and a default judgment entered for the Falkners against the Pastranos. Since this is a procedural point we must set out the circumstances existing at the time of the order setting aside the default and default judgment.
The Falkners filed their complaint on Oct. 16, 1969. Service was made upon the Pastranos on Nov. 5, 1969, by serving Mr. Pastrano for himself and for his wife “at *714 his usual place of abode.”[1] A default was entered against Mr. and Mrs. Pastrano on Dec. 3, 1969, for their failure to plead. On Jan. 13, 1970, a final judgment for specific performance and damages was entered for the Falkners. On Feb. 3, the Pastranos filed a motion to set aside default and judgment. They tendered an answer. Their motion alleged: (1) that Mr. Pastrano was mentally incompetent to accept service, (2) that Mrs. Pastrano was living separate and apart from her husband at the time of the service of the complaint, and, (3) that both Mr. and Mrs. Pastrano’s names were forged upon the deposit receipt contract. A hearing was held on the motion and witnesses were heard[2] and the trial judge set aside the default and default judgment.
The Falkners urge that the Pas-tranos had through their agents, the National Title Insurance Company, accepted and distributed plaintiff’s total cash purchase price. The defendants, Pastrano contradict this statement. They urge that the evidence before the court upon final hearing establishes as an uncontradicted fact that Faye Pastrano did not endorse the check issued by National Title Insurance Company. Since we do not have a record of the testimony before the court we must presume that it was sufficient to support the action taken.
Except for the issue of claimed es-toppel the order setting aside the default and judgment appears to fall within the established rule that the courts favor a trial upon the merits and that a trial judge will not be reversed for the granting of such a motion unless a clear abuse of discretion is shown. Stevens-Davis Co. v. Stock, 141 Fla. 714, 193 So. 745 (1940). This is especially true since the trial judge may have found that the court did not have jurisdiction over Mrs. Pastrano prior to the acceptance of her answer.
Appellants’ second point is also directed to the order setting aside the default and the judgment. It urges that the action of the court is unsupported by the evidence because (1) the defendants were properly served, and, (2) they had full knowledge of the proceedings from their inception. It is clear that these are factual determinations that we ought not make and in actuality can not make from the record before us. Appellants’ third point is a repetition of their position taken upon the first point and does not present reversible error.
We think that appellants’ fourth point does present reversible error. It urges that the final judgment ought to have taken into consideration the equities they have obtained in the property both by payment of money under the presumed contract and by payments and improvements upon the property after having been delivered possession of the partially unlivable house, cf. Jahn v. Purvis, 145 Fla. 354, 199 So. 340 (1940). It is true, of course, as pointed out by appellees, that in such an accounting the appellants must be charged with the reasonable use value of the home in the condition that it was delivered to them. Jahn v. Purvis, supra. It appears possible from the court’s finding that Faye Pastrano did not sign the deposit receipt that it will be necessary for the court to determine whether Wilfred Pastrano had authority as his wife’s agent to place the appellants in possession. If it is determined after the taking of such evidence as the trial court shall find necessary that the husband had no authority to act for anyone but himself then of course the equitable charges of the intended purchasers can only be levied against the interest of Wilfred Pastrano. In any event, the claims of the appellants that they have been defrauded must be adjudicated and the court should use its equitable powers to restore appellants to their original position insofar as that is possible. Willis v. Fowler, 102 Fla. 35, 136 So. 358 (1931).
We think that in all fairness to the trial court we should mention that after *715 the order setting aside the default and judgment the appellants have attempted to conduct their case without the aid of an attorney. It is therefore entirely possible that the equitable claims of the appellants were not clearly presented to the trial court. Nevertheless in the interest of substantial justice to the parties, we reverse the final judgment appealed and return the cause to the trial court with directions to take such further evidence as may be presented by the parties upon the issue of the existence and the amount, if found to exist, of the plaintiffs’ right to reimbursement from the appellees or either of them for money expended both upon the presumed valid contract of sale and upon the real property involved. After the taking of such further evidence as presented the court shall determine the amounts due the appellants, if anything, and shall order the amount found to be an equitable lien upon the interest of the appellees or either of them in the real property involved.
Reversed and remanded with directions.

. See F.S. § 48.031, F.S.A.

. We have no record of this hearing.