**SOUTHALL et al v. SEABOARD COAST LINE R.R. CO., et al.**

No. 72-1049.

Circuit Court, Lake County.

June 20, 1973.

Dan H. Honeywell of Billings, Frederick, Wooten & Honeywell, Orlando, for the plaintiffs.

Frederick J. Ward of Giles, Hedrick & Robinson, Orlando, for the defendants.

W. TROY HALL, Jr., Circuit Judge.

This cause having come on to be heard on the 30th day of May, 1973, upon the defendant W. R. Thomas' motion to set aside default against the said defendant W. R. Thomas, and the affidavits filed by the defendant Thomas in support of said motion, and the court having considered the argument of counsel and the authorities set forth hereinafter, and being duly advised, the court finds —

### Statement of the facts

The plaintiffs filed their suit for damages against the defendants, Seaboard Coast Line Railroad Company, a foreign corporation, and W. R. Thomas, on the 14th day of November, 1972, and thereafter served the defendant railroad company on November 20, 1972. The defendant railroad company filed a timely motion to dismiss and motion to strike and answer with affirmative defenses contained therein to the plaintiffs' complaint and claims.

Thereafter on January 20, 1973, the defendant Thomas was served and immediately took the summons and complaint served upon him to Mr. Les Lucas, supervisory claim agent for the defendant railroad company, by which Thomas was employed as an engineman operating a train that was involved in an accident that resulted in alleged injuries and damages to the plaintiffs.

On January 22, 1973 Mr. Lucas, at the request of Thomas, transmitted by United States mail, postage prepaid, the summons and complaint to the law firm of Giles, Hedrick & Robinson, attorneys at law in Orlando, for the purpose of having them represent Thomas and to submit appropriate pleadings for and on his behalf. The said attorneys had previously filed pleadings as herein recited for and on behalf of the defendant railroad company.

For some reason unknown the letter from Mr. Lucas containing the summons and complaint served upon Thomas was not received by the law firm of Giles, Hedrick & Robinson, as is more fully shown in the affidavits filed in this cause. Thereafter the plaintiffs moved the clerk for the entry of a default on February 14, 1973 and the clerk thereafter entered an order of default on the 16th day of February, 1973; and then the plaintiffs also filed in this cause a motion for judgment by default by the court, with attached affidavit signed by Jerry Billings as exhibit A, filed in the cause on the 23rd day of February, 1973 and a default judgment was entered in

this cause by Judge W. Troy Hall, Jr. on the 26th day of February, 1973. These pleadings filed by the plaintiffs were not served upon the defendant Seaboard Coast Line Railroad Company, which was at the time of the filing of these pleadings a party to the above suit.

After the entry of the default judgment by the court on the 26th day of February, 1973, no further action was taken in the cause by any of the parties until the filing by the plaintiffs of a motion to set the cause for trial for damages only as to the defendant Thomas based upon said default. This motion was filed on the 24th day of May, 1973 and on the 25th day of May, 1973 the defendant Thomas filed his motion to set aside the default entered against him on February 26, 1973, as recited above.

## Contentions of the defendant

The defendant Thomas contends for the reasons set forth in the motion and the affidavits attached thereto, that his failure to file pleadings after service was perfected against him was the result of mistake, surprise and excusable neglect and that he has a meritorious defense to this suit, to-wit: that he was not negligent and that he was not the cause of the plaintiff's injuries, and that the plaintiff himself was negligent and caused his own injuries. Said defendant further sets forth in his motion to set aside the default that he stands ready to defend himself in this lawsuit and has prepared pleadings, to-wit: motion to dismiss, motion to strike and answer, the originals of which were attached to and made a part of this motion. The defendant Thomas requested in his motion that the court set aside the default against him and that an order be entered vacating the default against him and that the pleadings attached to his motion, to-wit: the motion to dismiss, motion to strike and answer, be considered filed without further service.

## Contentions of the plaintiffs

The plaintiffs contend that the defendant Thomas was duly and regularly served on January 20, 1973, and that thereafter no pleadings of any kind were filed for and on behalf of the defendant Thomas and that thereafter the plaintiff caused a default to be entered as hereinabove set forth.

## Applicable rules of law

The court finds that Rule 1.500 of the Rules of Civil Procedure entitled "Defaults and Final Judgments Thereon" provides that the clerk and the court may enter a default under circumstances set forth therein, and Rule 1.540 provides for relief from judgments, decrees or orders. Rules 1.540(b) provides in part —

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judg-

ment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . This motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, decree, order or proceeding was entered or taken."

The following Florida cases are also cited as applicable to the case at bar — Falkner v. Pastrano, Fla. App., 1971 3rd Dist. 251 So.2d 712; Goldman v. Tabor, Fla. App., 1972 2nd Dist. 239 So.2d 529; Coggin v. Barfield, 1942, Sp. Ct. Div. B, 150 Fla. 551, 8 So.2d 9; Ross v. City of Miami, Fla. App., 1967, 3rd Dist. 205 So.2d 545; and Gordon v. Vaughan, Fla. App., 1967, 3rd Dist. 193 So.2d 474.

### Decision of the court

It is the decision of the court that the motion to set aside the default filed by the defendant Thomas be granted and that the pleadings attached to said defendant's motion to set aside the default and tendered as his pleadings in this cause be filed in the cause without further service.

The court finds that the default entered against the defendant Thomas should be set aside on the grounds that the defendant has a meritorious defense to this suit and that the failure to file pleadings after service was perfected against him was the result of either mistake, surprise, and/or excusable neglect as set forth in the motion and other affidavits filed in this cause. The defendant immediately and diligently delivered the summons and complaint after being served in this cause to the supervisory claim agent of his employer, Mr. Lucas, for transmittal to his attorneys, Giles, Hedrick & Robinson, by regular mail. The affidavits clearly show that Mr. Lucas did himself properly on January 22, 1973, two days after service upon the defendant Thomas, transmit the summons and complaint by regular United States mail, postage prepaid, to the offices of Giles, Hedrick & Robinson where, for some unknown reason it was not delivered or received by said attorneys.

The court finds that from the affidavits filed in this cause, neither Thomas nor Mr. Lucas were cognizant of the fact that the papers had not been received by the attorneys, and the attorneys likewise were not aware that Thomas had been served and that the papers had been mailed to them for the filing of appropriate pleadings.

The court further finds that the plaintiffs in filing their several pleadings for default to be entered by the clerk and by the court, being application to clerk for entry of default, default entered by clerk, motion for judgment by default by the court with attached affidavit by Jerry Billings, and the order for default judgment

entered by Judge W. Troy Hall, Jr., did not serve any of these pleadings upon the other party to this action, the defendant railroad company in accordance with the requirements of Rule 1.080 of the Rules of Civil Procedure entitled "Service of Pleadings and Papers". In subsection (a) that rule states in part —

> "(a) *Service; when required.* Unless the court otherwise orders, every pleading subsequent to the initial pleading and every order or judgment not entered in open court and every other paper filed in the action, except applications for witness subpoena, shall be served on each party. . . ."

The record in this cause shows that the plaintiffs in seeking the default against Thomas did not serve any of their pleadings in regard to this matter upon the defendant railroad company, which is also represented by the law firm of Giles, Hedrick & Robinson, as is required by Rule 1.080, which firm had filed and served pleadings on behalf of the railroad before service was perfected on Thomas.

As stated in Falkner v. Pastrano, supra, trial upon the merits is favored by the courts of our state and the reason given by Thomas' attorneys for not filing pleadings on his behalf were that they failed to receive the summons and complaint, which contention was not refuted by the plaintiffs.

The purpose of a default is to speed the cause by preventing a dilatory defendant from impeding the plaintiff in the establishment of his claim, but it is not intended to furnish an advantage to the plaintiff so that a defense may be defeated or judgment entered without the difficulty that arises through contest. See Coggin v. Barfield, supra.

It should be noted that the case is not ready for trial in that the parties have not yet commenced or completed discovery procedures and no final judgment has been entered against any of the defendants in the cause. There will, of course, have to be a full scale trial on all issues of liability and damages as to the defendant railroad company and the issues between the plaintiffs and the defendant Thomas are virtually the same. By the case law of this state, liberality is allowed in setting aside a default order before it becomes absolute. See Ross v. City of Miami, supra.

Opening a default and setting it aside is a matter of judicial discretion and where a reasonable doubt exists and when there has been no trial on the merits the judicial discretion should be exercised liberally in favor of the application to set aside the default order so as to permit a determination of the case on the merits rather than procedural technicalities. See Gordon v. Vaughan, supra.

This court is persuaded that truth and justice will be served by the setting aside of this default order against the defendant Thomas, and allowing the pleadings tendered by said defendant to be filed in the cause as his pleadings, and without further service.

It is accordingly considered, ordered and adjudged that the motion to set aside the default be and it is hereby granted; and the defendant W. R. Thomas' pleadings attached to his motion to set aside the default are hereby filed in the cause as his pleadings without further service; and the plaintiffs shall be given twenty days from the date of this order to file such pleadings against the pleadings of the defendant W. R. Thomas as they may be advised.

It is further considered, ordered and adjudged that the plaintiffs' request for trial for damages only as set forth in their notice for trial on damages only against the defendant W. R. Thomas is denied.