MANN, Chief Judge.
The commendable industry of appellant’s counsel has brought up for reconsideration the question whether a husband who is head of a family may gratuitously transfer to himself and his wife as tenants by the entirety the family home. The transmutation of Article X, § 1 of the Florida Constitution of 1885, F.S.A., from a safeguard against improvident alienation into a restraint on alienation has been criticized by Mr. Justice Terrell, dissenting in Florida Nat. Bank of Jacksonville v. Winn, 1947, 158 Fla. 750, 30 So.2d 298, and by Crosby and Miller in their seminal article, Our Legal Chameleon, the Florida Homestead Exemption, 2 U.Fla.L.Rev. 12, 219, 346, especially at pp. 70 et seq. Nevertheless, the law is clear and the deceased Rothschild’s effort to create a tenancy by the entirety in himself and wife was ineffectual. Jackson v. Jackson, 1925, 90 Fla. 563, 107 So. 255. The further contention that at the time of his death Joseph Rothschild was incompetent and hence his wife was the head of the family seems clearly negated by Nelson v. Hainlin, 1925, 89 Fla. 356, 104 So. 589. At the time of his death, Joseph Rothschild remained the sole support of the family.
The trial court properly retained jurisdiction for later determination of the widow’s claim to reimbursement for improvements made. See Jahn v. Purvis, 1940, 145 Fla. 354, 199 So. 340.
We find no reason to certify to the Supreme Court of Florida as a question of great public interest, as the appellant urges, questions which have been clarified by the adoption of a new constitution and which have been settled under the old one for half a century.
Affirmed.
McNULTY and GRIMES, JJ., concur.