300 So.2d 33 (1974)
Estelle Jones FOERSTER, Appellant,
v.
David Wendel FOERSTER, Appellee.
No. T-44.
District Court of Appeal of Florida, First District.
June 25, 1974.
Rehearing Denied July 19, 1974.
*34 William H. Maness, Jacksonville, for appellant.
William L. Durden of Kent, Durden & Kent, Jacksonville, for appellee.
PER CURIAM.
This is an appeal from a final judgment of dissolution of marriage.
The sole contention made by appellant on this appeal is that the trial court erred in holding that a certain deed executed by her husband purporting to convey to the wife the family homestead owned by both as tenants by the entireties was ineffective to convey title. By cross-assignment of error, appellee contends the trial court erred in awarding permanent alimony to appellant until she remarried and further contends that the amount awarded to appellant for child support was excessive in that an item of necessary expense connected with her education was inadvertently computed twice.
We find no merit in appellee's contention regarding support money. The trial court's response to appellee's motion for clarification concerning the apparent inadvertent inclusion twice of the education expense item makes it clear that it was not included twice and that the amount awarded for support fell within the range of evidence as to the child's necessities, depending on which of several educational options was selected.
Appellee's remaining cross-assignment contesting the award of permanent alimony need not be considered since it appears from an affidavit submitted by appellee to this court that the appellant wife was remarried about a week following oral argument herein, and thus the issue has become moot by that happy turn of events for both parties.
Thus, the sole remaining question to be considered by us is the appellant's contention that the deed executed by the appellee in her favor did as a matter of law operate to convey to her the family residence. As noted earlier, the trial court held that it did not. We agree and affirm.
The facts relating to the execution of the questioned deed show that the parties owned as an estate by the entireties a homestead in which they resided with their children prior to the dissolution of their marriage. They resided at that place for approximately fifteen years. Appellee built the home and made all the payments over the years on the mortgage, as well as for the furnishings in the house. The husband testified that he desired and was willing to pay the cost of maintaining the home for the use of the wife and particularly for the children so that they could have the security of a home.
On May 28, 1965, appellee gave to his wife a deed whereby he purported to deed to the wife all right, title and interest in and to the homestead of the parties. The purported deed was received in evidence and on its face it is reflected that the wife did not join in the conveyance and, further, only one witness to the husband's signature appeared on the deed. The deed was made prior to an initial separation of the parties for a one-year period after which they were reconciled and lived together in the home for about a year. Appellee testified that he had assumed that the deed had been destroyed, since it was given solely to appease the wife during the earlier period of marital unrest. The deed was never recorded by the wife, but simply placed in the hands of the family priest.
The foregoing factual recitation concerning the execution and delivery of the deed places grave doubt on appellee's actual intention to effectively convey the homestead to the wife, Smith v. Owens, 91 Fla. 995, 108 So. 891 (1926). However, we need not now examine that phase of the matter as it clearly appears that regardless of intent, the deed was defective in that it was not executed by the wife in *35 violation of the principle discussed in Jahn v. Purvis, 145 Fla. 354, 199 So. 340 (1940). There the court had before it a deed executed by a husband to his wife purporting to convey homestead property on which he was living as the head of the family but which deed was not signed by the wife. The Supreme Court held that:
"... The deed executed solely by ..., the husband, by which he attempted to convey legal title to his homestead real estate, was a nullity and effected nothing. It conferred upon the named grantee, the wife, no right, title or interest whatever in the property... ."
The appellant wife contends the deed was valid even if she did not join her husband in the execution of the deed by operation of Section 689.11(1) and (2), Florida Statutes, F.S.A., which provide:
"A conveyance of real estate, including homestead, made by one spouse to the other shall convey the legal title to the grantee spouse in all cases which it would be effectual if the parties were not married and the grantee need not execute the conveyance...." (Emphasis supplied)
Subsection (2) merely validates all deeds made without joinder of the spouse before the effective date of the act, May 25, 1971, and treats such conveyances as if the parties thereto were unmarried.
Prior to the enactment of Chapter 71-54, Laws of Florida, 1971, Section 689.11(1), Florida Statutes, F.S.A., made no reference to a homestead. The clause, "including homestead", was engrafted onto that statute with the passage of Chapter 71-54, a reading of which indicates that its primary, if not sole, purpose was to enable a conveyance of a homestead from one spouse to the other without the joinder of both.
While the 1971 Act does do away with the necessity of joinder of the other spouse where a homestead is involved, that legislative enactment is not worth the proverbial plugged nickel in light of Article X, Section 4(c) of the Florida Constitution of 1968, F.S.A., as amended in 1972, as contended by appellee. That constitutional provision reads in material part:
"(c) The homestead shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the owner's spouse if there be no minor child. The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse... ." (Emphasis supplied)
The provisions of Article X, Section 4 of the 1885 Constitution, which were in effect at the time the deed in question was executed likewise required joinder of both spouses for the alienation of a homestead.
It is quite clear that the provisions of Chapter 71-54, Laws of Florida, 1971, are in irreconcilable conflict with the cited state constitutional provision. Why the legislature enacted a law which is so patently unconstitutional is difficult to understand. In Moore v. Moore, 237 So.2d 217 (Fla.App. 1970), the court discussed an analogous situation and held:
"We determine that a deed conveying homestead property when executed by the owner alone either directly to the wife as a grantee or to the husband and wife as tenants in the entirety is ineffective to convey legal title to such homestead and is a nullity as to the heirs of the homestead and also as to the husband and wife and between them, and is void ab initio. Gotshall v. Taylor, Fla.App. 1967, 196 So.2d 479."
*36 In view of the foregoing authorities, we hold that the trial court correctly held that the deed in question was ineffective to pass title to the homestead in view of the nonjoinder of the appellant spouse in the execution thereof.
Affirmed.
SPECTOR, Acting C.J., and JOHNSON and BOYER, JJ., concur.