SCHULZ, GEORGE E. (Ret.), Associate Judge.
Defendant in the trial court, Martha Jameson, appeals a final summary judgment that held certain deeds conveying homestead property from Martha Jameson’s husband to Martha and himself were nullities.
In December of 1974, Louis Jameson conveyed his homestead to Martha and himself as tenants by the entireties; Martha did not sign this deed. At a later date, Louis Jame-son and Martha Jameson conveyed the same property back to Louis Jameson individually. Then in January of 1977 Louis Jameson again transferred the property back to Martha Jameson and Louis Jame-son; Martha Jameson did not join in the execution of this deed either.
Subsequently, Louis Jameson died and his son, Edward, filed a declaratory action, individually, seeking to have the first and third deeds declared nullities. The case came on to be heard on motions for summary judgment filed by both parties. Both parties agreed that homestead property was involved and the only question to be decided was whether the deeds unsigned by Martha Jameson were nullities.
*437 The trial court held that the deeds were nullities and that Martha Jameson, as wife of the deceased, was entitled to a life estate and that the two sons were entitled to one-half remainder interest in the homestead property. From this judgment, Martha Jameson takes this appeal.
It appears to this court that the question to be decided is the necessity of joinder of wife in a deed executed by the husband of his solely-owned property to himself and the wife to create a tenancy by the entireties. Article 10, Section 4(c), Constitution of the State of Florida provides:
“The homestead shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the owner’s spouse if there be no minor child. The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse.”
Said section clearly requires joinder of the wife where there is an attempt to alienate homestead property. However, the Legislature enacted Section 689.11(1), Florida Statutes (1971), which provided as follows:
“A conveyance of real estate, including homestead, made by one spouse to the other shall convey the legal title to the grantee spouse in all cases in which it would be effectual if the parties were not married, and the grantee need not execute the conveyance. An estate by the entirety may be created by the action of the spouse holding title.”
Section 689.11(1), supra, appears' to negate the constitutional provision requiring joinder by the spouse and, as such, would be violative of the Constitution and unconstitutional. Such was the holding in the case of Foerster v. Foerster, 300 So.2d 33 (Fla. 1st DCA 1974). However, on appeal of that ruling to the Supreme Court it reversed the District Court and upheld the constitutionality of Section 689.11(1), Florida Statutes (1971) under the factual circumstances involved in the Foerster case. See: Williams v. Foerster, 335 So.2d 810 (Fla.1976). In that case, the husband attempted, without joinder by the wife, to convey title to her in a homestead held by the parties as tenants by the entirety. The Supreme Court noted a distinction between inter-spousal aliena-bility of solely-owned homestead property and inter-spousal alienability of an estate by the entireties occupied by the parties as a home. See: Denham v. Sexton, 48 So.2d 416 (Fla.1950). In that case, the court said the following:
“The title to the property was held by an estate by the entireties. As respects property so held, it becomes upon the death of one spouse the sole property of the remaining spouse to the exclusion of the heirs of the decedent, even though occupied during the lifetime of both parties as a homestead. The homestead provisions of the Constitution adopted for the benefit of [the] heirs of the head of a family to take effect upon his demise do not apply to such property and it may be disposed of by tenants by the entireties as may any other property not exclusively owned by the head of a family and occupied by him as a homestead.”
Thus, it would appear that in cases where the property is owned by the parties as tenants by the entireties, Section 689.-11(1), supra, applies and it is not necessary for the grantee spouse to join in the conveyance to effect a valid inter-spousal alienation of the homestead property.
However, in the instant case, this would not be true. Here, the husband (by a deed not joined in by the wife) attempted to alienate his solely-owned homestead by creating in the parties a tenancy by the entire-ties. Following the implied rationale of the Supreme Court in Williams v. Foerster, supra, such attempt collides with the homestead provisions of the Constitution by depriving the heirs of the husband of their constitutional right to take upon his demise. Therefore, the provisions of the Constitution requiring joinder by the spouse should be required where there is an inter-spousal alienation of solely-owned homestead property. To hold otherwise would be to defeat the tradition of the homestead law, which is namely to protect the heirs of the deceased.
*438 Therefore the deeds in the instant case, creating the tenancy by the entirety, not having been executed in compliance with Article 10, Section 4, Constitution of the State of Florida, are a nullity, and the final summary judgment here under review be and the same is hereby affirmed.
Affirmed.