CAMPBELL, Judge.
The wife appeals an order of the trial court which, on authority of Jameson v. Jameson, 369 So.2d 436 (Fla.3d DCA 1979), found that a deed whereby the husband conveyed his solely owned homestead property to himself and his wife as tenants by the entirety was a nullity because the wife had not joined in the execution of the deed. We reverse and remand on authority of Jameson v. Jameson, 387 So.2d 351 (Fla.1980).
The trial court’s ruling in the instant case was not incorrect in light of the Third District Court’s interpretation of Article X, Section 4(c) in Jameson, the only case which had interpreted that provision as changed in the 1968 constitutional revision. Our sister court was of the view that while the grantee would not have to join in an inter-spousal conveyance of homestead property held as a tenancy by the entirety, Williams v. Foerster, 335 So.2d 810 (Fla.1976); Denham v. Sexton, 48 So.2d 416 (Fla.1950), the grantee would have to join, under the “.implied rationale” of Williams, if there was an interspousal conveyance of the grantor’s solely owned homestead property. Thus, the provision of Section 689.11(1), Florida Statutes (1977), to the contrary was declared unconstitutional.
The Florida Supreme Court reversed on appeal, holding that the grantee’s joinder is not required in either case under the current version of the homestead provision. The court pointed out that its decision in Williams construed the 1885 constitutional provision. Therefore, we must reverse the trial court’s ruling in the instant case.
However, the husband’s petition to dissolve a marriage which had only survived four and one-half months generally alleged that he had a special equity in the homestead and other property, and there was apparently[1] some evidence presented which would support that allegation. Since the trial judge’s disposition of the case did not require consideration of those facts, and because it does not appear whether or not he did consider them, we remand in order to allow the trial judge to determine whether there are sufficient facts to support the same result on a different theory.
BOARDMAN, Acting C. J., and RYDER, J., concur.

. The record does not contain a transcript of the hearing which was held to determine the parties’ respective property rights. The only facts which are even remotely relevant were recited in the husband’s pro se brief on appeal.