237 So.2d 217 (1970)
William H. MOORE and Dolores Moore, His Wife, Appellants,
v.
Louise E. MOORE, Appellee.
No. 69-240.
District Court of Appeal of Florida, Fourth District.
March 30, 1970.
Rehearing Denied August 4, 1970.
*218 Hal H. McCaghren, West Palm Beach, for appellants.
J.B. Booher of Booher & Schwitalla, Fort Lauderdale, for appellee.
CROSS, Chief Judge.
Appellants-defendants, William H. Moore and Dolores Moore, his wife, in an interlocutory appeal, appeal a summary judgment entered by the court upon its own motion in favor of the appellee-plaintiff, Louise E. Moore, in an action seeking partition of real property. We reverse.
The plaintiff, Louise E. Moore, by an amended complaint for partition of real property, asserts that the defendant, William H. Moore, on September 18, 1964, executed a warranty deed conveying to William H. Moore and Louise E. Moore, his wife, a certain parcel of land as an estate by the entireties. The complaint further alleges that on January 13, 1967, the matrimonial bonds between the plaintiff and the defendant, William H. Moore, were severed by the entry of a final decree of divorce; that plaintiff and the defendants are the owners of the property as tenants in common, and that the plaintiff has an estate of inheritance therein to the extent of an undivided one-half part or interest in the fee; and the defendants have a similar interest in the estate, to-wit, an undivided one-half interest. Plaintiff prayed for a partition of the real property, and if a partition could not be had without material injury, then the premises be sold and the proceeds applied among the owners of the property according to their respective shares therein after applying the proceeds to costs, liens, attorneys' fees, etc.
The defendants in answer to the complaint denied the ownership of the described property as a tenancy in common, and asserted that the described property was homestead property, and that Louise E. Moore, the plaintiff, who was wife to the defendant at the time of the execution of the deed, did not join with the defendant in the deed as required by the Constitution of the State of Florida and the statutes applicable thereto. The defendants further answered that the real property had been homestead property lived on by the defendant with his prior wives who had died; that the defendant continued to occupy the premises as homestead with the plaintiff when they were married and to their divorce and continued to occupy the premises as homestead thereafter with his present wife, Dolores R. Moore.
In pre-trial discovery procedures, plaintiff pursuant to interrogatories propounded by the defendant, acknowledged that she did not join in the execution of the deed, and that she and the defendant, William H. Moore, were married and living on the premises. She asserted that the property in question constituted approximately two and one-half acres and was in the City of Lake Worth.
Thereafter the defendants filed motion for summary judgment with supporting affidavits from one James D. Carlton, a surveyor, stating that the property was not in any municipality and was less than 160 acres; an affidavit of the defendant, William H. Moore, asserting that the property was not within any municipality and reciting his accruing of the property and his continued occupancy of it as a homestead; a supplemental affidavit of the defendant, William H. Moore, reciting his *219 two children and that they were still living and that one child was living with him on the property; and affidavits of defendant's two children to this effect.
Thereafter hearing was held on defendant's motion for summary judgment. The court upon its own motion entered summary judgment for the plaintiff which in part reads as follows:
"A. The property in question has been the subject matter of a previous suit brought in this Court entitled WILLIAM H. MOORE v LOUISE E. MOORE, No. 66 C 2369 E.
"B. In said previous suit the present Defendant, WILLIAM H. MOORE pled that the property in question was held as an estate by the entireties and Judge Robert S. Hewitt confirmed such allegation in the Final Decree entered on January 13, 1967.
"C. The property in question, to-wit:
* * * * * *
is now held by LOUISE E. MOORE and WILLIAM H. MOORE as tenants in common and the pleadings and admission on file together with the affidavits show that there is no genuine issue as to any material fact and that Plaintiff is entitled to a judgment as a matter of law. It is
"ORDERED AND ADJUDGED as follows:
"1. The Defendants' Motion for Summary Judgment is denied.
"2. The Court, on its own Motion, grants a Summary Judgment for Plaintiff on her Amended Complaint for Partition of Real Property. See Carpineta v. Shields, 70 So.2d 573 (Fla. 1954). The Defendant, WILLIAM H. MOORE is estopped from claiming a position in this action which is legally inconsistent with the position which he adopted and was duly adjudicated in a previous suit between the same parties. 12 Fla.Jur., Estoppel and Waiver, Sections 50, 51, 52, 54, 55, 60 and 61. 19 Fla.Jur., Judgments and Decrees, Sections 100 and 104. The fact that Defendant DOLORES MOORE, was not a party to the previous suit is of no import in that she derives her total interest in the property through the Defendant, WILLIAM H. MOORE. This case is not controlled by Gotshall v. Taylor, 196 So.2d 479 (Fla.App. 1967) because of a factual difference. In the Gotshall case no action took place at the time of the divorce which would invoke the doctrines of equitable estoppel or res adjudicata [sic].
"3. The Plaintiff's Motion for Leave to Amend Complaint is moot and is, therefore, denied.
"4. The Court adjudges the rights and interests of the parties as follows:
"(a) The Plaintiff, LOUISE E. MOORE, has an undivided one-half interest in the property described in the Court's findings of fact above.
"(b) The Defendants, WILLIAM H. MOORE and DOLORES MOORE, his wife, have an undivided one-half interest in the property described in the Court's findings of fact above. The Court does not adjudicate the extent or nature of such one-half interest as between the Defendant, WILLIAM H. MOORE and Defendant, DOLORES MOORE."
This appeal followed.
Article X, Florida Constitution 1885, F.S.A., governs the conveyance of homestead property in the instant case. The Florida Constitution of 1885 places only one express limitation on the alienation of homestead property, namely, that whenever the owner has a living spouse the joint consent and due execution by both is required. In Jackson v. Jackson, 1925, 90 Fla. 563, 107 So. 255, the Supreme Court of Florida determined that homestead real estate owned by a husband who has a child or children living cannot be conveyed by the husband to his wife by the means of a deed of conveyance executed by the husband and wife to a third party who acts *220 merely as a conduit or intermediary and conveys or quitclaims the same homestead property to the wife. In Jackson, supra, the court recognized that there were implied limitations as to alienation of homestead property contained in the constitution which were just as much a part of the organic law and as effective as those which were expressed.
It therefore seems that if the owner of a homestead and his wife cannot legally convey the homestead to the wife through the medium of third parties, it necessarily follows that homestead property cannot be conveyed directly to the wife nor so conveyed as to create an estate by the entireties between husband and wife.
F.S. Section 689.11(1), F.S.A.,[1] permitting creation of estates by the entireties by deed from husband to wife is inapplicable to homestead property, since it seems very clear that this statute does not, in view of article X of the 1885 Florida Constitution, apply to homestead real estate, as such transfer would in effect abrogate or cancel the inheritable rights of the children in the homestead vouchsafed by the Florida Constitution of 1885.[2]
Although now given constitutional status under the Fla.Constitution of 1968, the very factual situation of the case at bar vividly illustrates the violence to the inheritable rights of the children if such conveyance is validated. When the flame of love becomes only charred ashes, divorce results and the wife then seeks partition of the property, the very protection sought to be afforded would be but a vapor.
We determine that a deed conveying homestead property when executed by the owner alone either directly to the wife as a grantee or to the husband and wife as tenants in the entirety is ineffective to convey legal title to such homestead and is a nullity as to the heirs of the homestead and also as to the husband and wife and between them, and is void ab initio. Gotshall v. Taylor, Fla.App. 1967, 196 So.2d 479.
In the complaint for divorce in a previous suit between William H. Moore and his former wife, the plaintiff in this suit, Louise E. Moore, Mr. Moore pled that the property in question at bar was held as an estate by the entireties. However, in the final decree there was no determination or adjudication made as to the status of the property so pleaded in the complaint. Notwithstanding, the trial court in the present suit determined that Mr. Moore was now estopped from claiming a position in this action inconsistent with the position adopted by him in the prior divorce action.
We, however, on a prior occasion have determined and we adhere thereto that a deed which is void because it is contrary to constitutional or statutory prohibition cannot be given the breath of life by estoppel. Holwell v. Zofnas, Fla.App. 1969, 226 So.2d 253.
The legislature saw fit in the promulgation of article X of the 1885 Florida Constitution to restrict the alienation of homestead property. We are not disposed to adopt by judicial determination the doctrine of estoppel as a counter action to legislative enactment.
Accordingly, the summary judgment entered in favor of the plaintiff is reversed and the cause is remanded to the *221 trial court with directions to enter summary final judgment in favor of the defendants.
Reversed and remanded with directions.
McCAIN, J., concurs.
REED, J., dissents, with opinion.
REED, Judge (dissenting):
In the prior divorce suit between the plaintiff and the defendant, Mr. Moore alleged in his complaint:
"That prior to the marriage of the parties herein Plaintiff was the sole owner of the fee simple title of the following described real property:
"Lots 15 and 16, Block 2, LAKEWOOD GARDENS, Plat #1, according to the records in the office of the Clerk of the Circuit Court in and for Palm Beach County, Florida, in Plat Book 18, page 38. Together with all buildings, improvements, furnishings and fixtures located thereon and therein;
"and
"The East half of the North 261.5 feet of Tract 14, in Block 2, of LAKEWOOD GARDENS, Plat No. 1, as recorded in the office of the Clerk of the Circuit Court of Palm Beach County, Florida in Plat Book No. 18, on page 38.
"After the marriage of the parties herein, and on the 18th day of September, 1964, Plaintiff. * * * did execute a Warranty Deed to Defendant and himself, thereby creating an estate by the entireties. * * *" (Emphasis added.)
This pleading was before the trial court in the present case in the form of a duly certified copy and was properly considered by the trial judge as a part of the evidence in support of the plaintiff's motion for summary judgment. F.S. 1969, Section 92.10, F.S.A.
On the basis of Mr. Moore's pleading in the prior divorce case and the final decree therein (which was also properly before the trial judge) the trial judge concluded that the divorce decree adjudicated Mr. Moore and his wife to have been tenants by the entireties in the real property which is the subject of the present suit for partition. In my opinion, this was a proper interpretation of the former divorce decree. Also in my opinion, this adjudication was of a fact essential to the divorce decree in that it related to the amount of alimony to be awarded in that decree to Mrs. Moore, the plaintiff here.
The majority takes the view that the conveyance from Mr. Moore to the plaintiff was void and, therefore, the plaintiff could not now be considered by reason of that deed to have any interest in the real estate therein conveyed. Were it not for the former adjudication in the divorce case, I would agree with the majority's conclusion because the plaintiff did not join in the deed which admittedly involved a conveyance of homestead property. The former adjudication, however, makes inapplicable the case of Gotshall v. Taylor, Fla.App. 1967, 196 So.2d 479, and Holwell v. Zofnas, Fla.App. 1969, 226 So.2d 253. Where a question of fact has been determined by a court of competent jurisdiction, the judgment rendered is final so long as it remains unreversed and the parties thereto are bound by the decision. Brickell v. Graves Inv. Co., 1942, 150 Fla. 785, 9 So.2d 733. See also Tomlinson v. Lefkowitz, 5 Cir.1964, 334 F.2d 262. This rule, in my opinion applies here. Mr. Moore is bound by the prior adjudication and is estopped[1] thereby to deny that he and the plaintiff were tenants by the entireties in the real estate at the time of the divorce. Once the status of plaintiff and defendant as tenants by the entireties was established, as I believe it was by the evidence of the former *222 adjudication, it follows that the plaintiff and her former husband became tenants in common upon the entry of the divorce decree and as such entitled to partition of their respective interests.
I would affirm the summary final judgment.
NOTES
[1] F.S. Section 689.11, F.S.A., Conveyances between husband and wife direct. 

(1) A conveyance of real estate, made by a husband direct to his wife, or by a wife direct to her husband, shall be effectual to convey the legal title to such wife, or husband, as the case may be, in all cases in which it would be effectual if the parties were not married, and the grantee need not join in the execution of such conveyances. An estate by the entirety may be created by the spouse holding fee simple title conveying to the other by a deed in which the purpose to create such estate is stated.
[2] Caveat: See Fla.Constitution 1968, Art. X, § 4(c).
[1] No opinion is expressed as to the effect which the adjudication would have on other homestead beneficiaries who were not parties to the divorce suit.