258 So.2d 326 (1972)
Annie L. SAULS, Appellant,
v.
Dan S. CROSBY and Bertha Mae Crosby, Appellees.
No. P-386.
District Court of Appeal of Florida, First District.
February 29, 1972.
Michael C. Bergen, of Hodges & Bergen, Lake City, for appellant.
Frank M. Gafford, of Gafford & Willis, Lake City, for appellees.
RAWLS, Judge.
On the 9th day of October 1968, appellant conveyed to appellees certain lands *327 situated in Hamilton County, Florida, with the following reservation set forth in said conveyance: "The Grantor herein, reserves a life Estate in said property." By this appeal appellant now contends that the trial court erred in denying her, as a life tenant, the right to cut merchantable timber and enjoy the proceeds.
The English common law, which was transplanted on this continent, holds that it is waste for an ordinary life tenant to cut timber upon his estate when the sole purpose is to clear the woodlands.[1] American courts today as a general rule recognize that an ordinary life tenant may cut timber and not be liable for waste if he uses the timber for fuel; for repairing fences and buildings on the estate; for fitting the land for cultivation; or for use as pasture if the inheritance is not damaged and the acts are conformable to good husbandry; and for thinning or other purposes which are necessary for the enjoyment of the estate and are in conformity with good husbandry.[2]
In this jurisdiction a tenant for life or a person vested with an ordinary life estate is entitled to the use and enjoyment of his estate during its existence. The only restriction on the life tenant's use and enjoyment is that he not permanently diminish or change the value of the future estate of the remainderman.[3] This limitation places on the "ordinary life tenant" the responsibility for all waste of whatever character.[4]
An instrument creating a life tenancy may absolve the tenant of responsibility for waste, unless it is wanton or malicious, by stating that the life tenant has the power to consume or that the life tenant is without impeachment for waste.[5] Thus, there is a sharp distinction in the rights of an ordinary life tenant or life tenant without impeachment for waste or life tenant who has the power to consume. An ordinary life tenant has no right to cut the timber from an estate for purely commercial reasons and so to do is tortious conduct for which the remainderman may sue immediately.[6]
In the case of In re Paine's Estate,[7] the Florida Supreme Court incidentally concerned with the timber rights of a life tenant, by dictum, noted that a life tenant without impeachment for waste could cut and sell the timber on the estate. The rule pronounced in Paine conforms with the general authorities on the subject and is limited to a life tenant with power to consume or a life tenant without impeachment for waste. It does not apply to an ordinary life tenant. In the cause sub judice, the trial court was concerned with the rights of an ordinary life tenant and correctly concluded that appellant "does not have the right to cut merchantable timber from the land involved in this suit unless the proceeds of such cutting and sale are held in trust for the use and benefit of the remaindermen... ."[8]
The judgment appealed is affirmed.
SPECTOR, C.J., and JOHNSON, J., concur.
NOTES
[1] 51 A.L.R.2d 1374, Life Tenant  Timber Rights § 2 (1957).
[2] 1 Thompson on Real Property, § 104 (Grimes 1964); 51 Am.Jur.2d, Life Tenants and Remaindermen, § 137 (1970).
[3] Wagner v. Moseley, 104 So.2d 86 (Fla. App. 1958).
[4] Weed v. Knox, 157 Fla. 896, 27 So.2d 419 (Fla. 1949).
[5] Sanderson v. Jones, 6 Fla. 430 (1855); 5 American Law of Property § 20.14 (Cassner ed. 1952); 34 Fla.Jur., Waste § 4 (1961); and 93 C.J.S. Waste § 1 (1956).
[6] 1 Thompson on Real Property, § 104 (Grimes 1964); Restatement, Property § 143 (1936); and 51 Am.Jur.2d, Life Tenants and Remaindermen, § 140 (1970).
[7] In re Paine's Estate, 128 Fla. 151, 174 So. 430 (Fla. 1937).
[8] F.S. § 690.10, F.S.A. (Uniform Principal and Income Law).