### In re HAMRICK'S ESTATE.
No. 72-86.
Circuit Court, St. Lucie County.
October 3, 1973.

Philip Nourse, Fort Pierce, for the petitioners.

JAMES E. ALDERMAN, Circuit Judge.

Petitioners, the five children of P. L. Hamrick, deceased, ask the court to declare certain real estate to have been the homestead of their deceased father and that they, as his children, are entitled to vested remainders in said property upon termination of a life estate in their step-mother, Annis E. Hamrick.

The following factual situation is alleged in their petition — The property in question was acquired by their mother and father as an estate by the entirety and was used as the family home place until the death of their mother on August 24, 1965. After the death of their mother, title to the property was vested in their father, P. L. Hamrick, who continued living on the property and maintained it as his homestead. Sometime after the death of his first wife, Mr. Hamrick married Annis E. Hamrick. On July 29, 1969, P. L. Hamrick, joined by his wife, Annis E. Hamrick, conveyed to P. L. Hamrick and Annis E. Hamrick, his wife, by deed recorded in O.R. book 179, page 113, of the public records of St. Lucie County, the property here under consideration. The purpose of said deed was to create an estate by the entirety in this homestead property. Mr. Hamrick died intestate on May 1, 1971, survived by his second wife, Annis E. Hamrick, and the five children by his previous marriage.

Petitioners contend that because this was homestead property at the time of their father's attempt by deed to create an estate by the entirety, the deed was a nullity and of no effect and that no estate by the entirety was created. They argue that this being the case, title to said property passed under the homestead law to Mr. Hamrick's surviving widow for life with the remainder vested equally among them as his children.

The contention of the petitioners would be correct under the constitution of the state of Florida prior to 1968. The Fourth District Court, in Moore v. Moore, 237 So.2d 217 (1970), held that under the provision of the Florida constitution prior to the 1968 revision a deed conveying homestead property when executed by the owner, either directly to his spouse, or to the husband and wife as tenants by the entirety, is ineffectual to convey legal title to such homestead and is a nullity as to the heirs of the homestead and also as to. the husband and wife, and is void ab initio. However, under the new Florida constitution as revised in 1968, Article 10, §4(c) provides that the owner of homestead real estate, joined by the spouse, if married, may alienate the homestead by mortgage, sale or gift, and, if married, may, by deed, transfer the title to an estate by the entirety with the spouse. Mr. Hamrick's deed purport-

ing to create an estate by the entirety was executed July 29, 1969, and is controlled by the provision of the Florida constitution as revised in 1968, which allows an owner of homestead real estate, such as Mr. Hamrick, to transfer title of his homestead into an estate by the entirety. This having been done by Mr. Hamrick subsequent to the effective date of the revised Florida constitution, his children cannot now complain. To hold otherwise would be to deny the force and effect of the revised provision of the Florida constitution.

The court having considered the pleadings and the memorandum brief prepared by petitioners' attorney, and being fully advised in the premises, determines and holds that the deed to P. L. Hamrick and Annis E. Hamrick, his wife, dated Judy 29, 1969, and recorded in O.R. book 179, page 113, of the public records of St. Lucie County, Florida, is a valid deed which created an estate by the entirety between the grantees as authorized and allowed by Article 10 §4(c) of the Florida constitution as revised in 1968, that the said real estate is not homestead property for the purpose of descent and distribution, that on the death of P. L. Hamrick, title to the said property passed to Annis E. Hamrick as the surviving spouse of the estate by the entirety previously created in said property between P. L. Hamrick and Annis E. Hamrick, his wife, that said property having passed by right of survivorship to Annis E. Hamrick, it is not a part of the probate estate of P. L. Hamrick, deceased, and that petitioners as the heirs of P. L. Hamrick, deceased, have no right, title or interest in said property.