359 So.2d 472 (1978)
Gertrude ANDERMAN, Formerly Gertrude Miller, and Ilene Miller Robinson, Appellants,
v.
Robert MILLER, Meyer Miller, and Samuel Miller, Appellees.
No. 77-777.
District Court of Appeal of Florida, Third District.
May 2, 1978.
Rehearing Denied June 28, 1978.
*473 Heiman & Heiman and Judith Hayes, Miami, for appellants.
Pallot, Stern, Proby & Adkins and Adolfo A. Podrecca, Miami, for appellees.
Before PEARSON and HUBBART, JJ., and CRAWFORD, GRADY L. (Ret.), Associate Judge.
PER CURIAM.
The appellant is the widow of Irving Miller. She appeals an order of the circuit judge setting aside homestead. The trial judge fully set out the stipulated facts.
"(i) That IRVING MILLER, a/k/a ISADORE MILLER, a/k/a ISIDORE MILLER, died on November 6, 1968, domiciled in Dade County, Florida
"(ii) That at the time of the decedent's death, the decedent owned a single family dwelling located at 225 Fairway Drive, Miami Beach, Dade County, Florida, legally described as follows:
Lot 27, Block 59, of NORMANDY GOLF COURSE SUBDIVISION, according to the plat thereof, recorded in Plat Book 44 at page 62 of the Public Records of Dade County, Florida, together with the building and improvements thereon, and all personal property and fixtures located therein.
"(iii) That at the time of the death of the decedent, IRVING MILLER, a/k/a ISADORE MILLER, a/k/a ISIDORE MILLER, the decedent resided upon the afore-described property with his wife, GERTRUDE MILLER and ILENE MILLER ROBINSON, formerly known as ILENE MILLER, an adopted daughter of the decedent.
"(iv) That the decedent was survived by his spouse, GERTRUDE MILLER, and by the following lineal descendants, towit: his sons, ROBERT MILLER, MEYER MILLER and SAMUEL MILLER, the above-named petitioners, and by the said ILENE MILLER ROBINSON, all of whom were over the age of twenty-one years.
"B. That the petitioners, ROBERT MILLER, MEYER MILLER and SAMUEL MILLER, have, by clear and convincing evidence, sustained the burden of proof of the allegations contained in their petition to set aside homestead and have *474 established that, prior to and at the time of the death of the decedent, IRVING MILLER, a/k/a ISADORE MILLER, a/k/a ISIDORE MILLER, the decedent was the dominant person in the household and the head of the family consisting of the decedent, his wife, GERTRUDE MILLER, and his adopted daughter, ILENE MILLER ROBINSON, formerly known as ILENE MILLER, although the decedent's surviving widow, GERTRUDE MILLER, aided and assisted the decedent in the conduct of their businesses and in the management of the homestead.
"C. That as of November 6, 1968, the date of the death of the decedent, IRVING MILLER, a/k/a ISADORE MILLER, a/k/a ISIDORE MILLER, the Constitution of the State of Florida, adopted by the Convention of 1885, as amended, was in full force and effect. Pursuant to Article X, Section 4 thereof, the holder of the homestead is barred from devising the homestead where there are children surviving him. The word `children', as used in Article X, Section 4 of the 1885 Constitution of Florida, has reference to relationship and is not restricted to minor children. DeCottes v. Clarkson, 1901 Fla., 29 So. 442. The word `children', therefore, includes all children of the decedent, regardless of whether they are minors or have attained their majority at the time of decedent's death. The Constitution of the State of Florida, as revised on November 8, 1968, did not become effective until January 6, 1969, the first Tuesday after the first Monday in January of 1969, in accordance with Article XI, Section 5(c) thereof. Consequently, Article X, Section 4(c) of the 1968 Constitution of Florida, providing that the homestead shall not be subject to devise if the owner is survived by spouse or minor child, is not applicable to the within proceeding brought by ROBERT MILLER, MEYER MILLER and SAMUEL MILLER to set aside homestead."
The widow has presented three points on appeal. The first urges that the court erred as a matter of law in holding that there was a presumption that the husband was the head of the family. This point does not arise from the record because the trial judge made his findings based upon "clear and convincing evidence" that "... the decedent was the dominant person in the household and the head of the family ..." Cf. Solomon v. Davis, 100 So.2d 177 (Fla. 1958); and In re Estate of Wilder, 240 So.2d 514 (Fla. 1st DCA 1970).
The second point urges that the trial judge's finding is against the manifest weight of the evidence because he did not apply the principles of estoppel to the petition of the decedent's sons. The burden of this argument is that upon the advice of one of the sons, the decedent, after bankruptcy, placed property, including the home, in the wife's name in order to defraud creditors. Bypassing the question of whether the father's actions may be used as an estoppel against all of the heirs, we conclude that as a matter of law, see Camp v. Moseley, 2 Fla. 171, 199 (1848), the record supports the trial judge's determination that an estoppel was not established. Cf. Enstrom v. Dunning, 136 Fla. 253, 186 So. 806, 812 (1939).
The last point urges that the trial judge erred in failing to consider appellant's affirmative defenses. The record does not show that these defenses were not considered. The widow was presented with the opportunity for a full trial of the issues. Upon appellate review, the record and the findings of a trial judge will be presumed correct in the absence of an affirmative showing to the contrary. See In re Winslow's Estate, 147 So.2d 613 (Fla.2d DCA 1962); and In re Wilson's Estate, 116 So.2d 440 (Fla.2d DCA 1959).
Affirmed.