387 So.2d 351 (1980)
Martha J. JAMESON and George Ronald Jameson, Appellants,
v.
Edward Lee JAMESON, II, Appellee.
No. 56793.
Supreme Court of Florida.
July 17, 1980.
Peter S. Schwedock of Pelzner, Schwedock & Finkelstein, Miami, for appellants.
Ray Strauss of Berkell & Strauss, North Miami Beach, for appellee.
OVERTON, Justice.
This case is before us on direct appeal from a decision of the Third District Court of Appeal, reported at 369 So.2d 436 (Fla.3d DCA 1979), which held that the Florida Constitution requires the spouse of a homestead owner to join in an interspousal conveyance of the homestead to the husband and wife as tenants by the entirety. In its opinion, the district court directly construed article X, section 4(c), of the Florida Constitution, to require spouse joinder and declared section 689.11(1), Florida Statutes, unconstitutional to the extent it would allow interspousal conveyance of the homestead without joinder. We have jurisdiction, article V, section 3(b)(1), and reverse.
We hold that article X, section 4(c), does not require joinder in an interspousal conveyance of solely owned homestead property to the husband and wife as tenants by the entirety, and find that section 689.11(1) is consistent with the constitutional provision as we construe it.
The relevant facts reflect that in 1974 Louis Jameson conveyed homestead property owned in his sole name to his wife, Martha Jameson, and himself as tenants by the entirety. Martha Jameson, the appellant, did not join in the conveyance. After Louis Jameson's death, his son, Edward, the appellee, filed a declaratory action seeking to have the conveyance declared null and void on grounds that there is a constitutional requirement of joinder in such a conveyance by the spouse. The circuit court agreed with this contention and entered a summary judgment voiding the deed. The district court affirmed and held that article X, section 4(c), "clearly requires joinder of the wife where there is an attempt to alienate homestead property." 369 So.2d at 437. Referring to the facts in the instant case, the district court stated:

*352 Here, the husband (by a deed not joined in by the wife) attempted to alienate his solely-owned homestead by creating in the parties a tenancy by the entireties... . [S]uch attempt collides with the homestead provisions of the Constitution by depriving the heirs of the husband of their constitutional right to take upon his demise... . [T]he provisions of the Constitution requiring joinder by the spouse should be required where there is an inter-spousal alienation of solely-owned homestead property.
Id. In reaching this conclusion, the district court determined such a holding was required by the "implied rationale" of our opinion in Williams v. Foerster, 335 So.2d 810 (Fla. 1976).
The predecessor language to the present article X, section 4(c), was contained in the 1885 amendment to the constitution of the State of Florida in sections 1 and 4 of article X, which read as follows:
SECTION 1. Exemption of homestead; extent.  A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, together with one thousand dollars worth of personal property, and the improvements on the real estate, shall be exempt from forced sale under process of any court, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists.
SECTION 4. Homestead may be alienated by husband and wife.  Nothing in this Article shall be construed to prevent the holder of a homestead from alienating his or her homestead so exempted by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists... .
These constitutional provisions were so construed as to prohibit the instant conveyance. Byrd v. Byrd, 73 Fla. 322, 74 So. 313 (1917); see Crosby and Miller, Our Legal Chameleon, The Florida Homestead Exemption, 2 U.Fla.L.Rev. 12, 64-67 (1949). Article X was changed in the constitutional revision of 1968, and section 4(c) was amended to read as follows:
The homestead shall not be subject to devise if the owner is survived by spouse or minor child. The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse. If the owner or spouse is incompetent, the method of alienation or encumbrance shall be as provided by law. [Emphasis supplied.]
In 1972, this section was again amended, although the applicable sentence to the issue before us for decision remains the same as it was in the 1968 revision. The present section 4(c), as amended in 1972, reads as follows:
The homestead shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the owner's spouse if there be no minor child. The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse. If the owner or spouse is incompetent, the method of alienation or encumbrance shall be as provided by law. [Emphasis supplied.]
The critical language is the emphasized sentence, which we have not expressly construed in any prior case. The issue is whether this provision allows a husband who is the sole owner of the homestead to convey that homestead property to his wife and himself as a tenancy by the entireties without joinder by the wife as a grantor in the conveyance.
In its July 20, 1968, analysis of the instant provision, the Legislative Reference Bureau wrote that under the revision "the right of a married owner to directly transfer by deed the title of the homestead to himself and his spouse as an estate by the entirety would be given constitutional status." *353 Similarly, two articles have expressed the view that the new provision no longer requires spousal joinder as a grantor in interspousal transfers of solely owned homestead property. One author has stated:
The new constitution allows a gratuitous transfer of the homestead regardless of the grantee's status. Presumably, since no reference is made to the existence of children, this factor was not intended to impose a limitation on the provision. This conclusion is supported by: (1) the Florida supreme court's indication that under the 1885 constitution the existence of children was immaterial as to whether the requirement of consideration should be imposed in an intra-family conveyance, and (2) the court's rejection of the idea that the homesteader's children obtained a vested interest in the homestead.
.....
The new constitution contains substantial changes regarding the joinder of husband and wife in transferring their homestead. The 1885 constitution's requirements of "joint consent of husband and wife" and that the "deed or mortgage [be] duly executed by himself or herself, and by husband and wife" do not appear in the new constitution. The 1968 constitution simply requires that the owner of the homestead be "joined by the spouse if married." While it is clear that both must join in a conveyance of a homestead owned by one spouse to a third party, the difficult question remains whether the grantee-spouse must join in an inter-spousal conveyance.
Interspousal transfers commonly take two forms. The husband conveys his fee simple title either to the wife in fee simple or to himself and his wife as tenants by the entirety. The 1968 constitution provides:
The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse.
The section's meaning is unclear, but it seems to convey two separate thoughts: (1) the owner of homestead real estate, joined by the spouse if married, may alienate and (2) the owner of homestead real estate, if married, may by deed transfer the title to an estate by the entirety with the spouse.
This interpretation appears to eliminate the requirement of joinder in a transfer by the owner of the homestead to himself and his wife as tenants by the entirety. [Footnotes omitted.]
Note, Our Legal Chameleon is a Sacred Cow: Alienation of Homestead under the 1968 Constitution, 24 U.Fla.L.Rev. 701, 705-07 (1972).
In the Star Project Commentary submitted to the 1978 Constitution Revision Commission, the portion pertaining to section 4(c) of article X states in part as follows:
However, where homestead property is conveyed from a sole owner, not to a third party, but to the owner's spouse in fee simple, or where the sole owner seeks to transfer to an estate by the entireties with the spouse, the present language may be read so as to eliminate the requirement for the signature of the non-owning spouse. Since the non-owning spouse is a party to the transaction (grantee) the spouse has effectively "joined" in the transfer by acquiescence and participation, although no formal execution was made. Furthermore, the structure of Subsection 4(c) leaves considerable doubt as to whether the phrase "joined by the spouse" is intended to apply to the remainder of the sentence, including transfers to estates by the entireties or merely alienations by mortgage sale or gift. The question is whether joinder means due execution in all transfers.
Background Papers of 1978 Constitution Revision Commission, Record Group 5, Series 263, Box 3, Florida State Archives. See Maines & Maines, Our Legal Chameleon Revisited: Florida's Homestead Exemption, 30 U.Fla.L.Rev. 227, 265-69 (1978).
*354 The appellee in the instant case contends that joinder is required by the wife both to alienate the homestead by mortgage, sale, or gift, and to transfer the property from sole title in the husband to the husband and wife as tenants by the entirety. The district court of appeal agreed with this contention and interpreted the phrase "joined by the spouse" as applying to both the first and second clauses of the subject constitutional provision. We disagree. In our opinion the provision is more logically and reasonably interpreted if the joinder requirement is applied only to the alienation clause. In our view, a requirement of spousal joinder when that spouse is the grantee was not intended by the constitutional drafters, and is neither rational nor necessary to protect the homestead heirs.
The district court of appeal decision relies upon our decision in Williams v. Foerster, 335 So.2d 810 (Fla. 1976). In that case the present constitutional provision was considered only inferentially because (1) the subject property was at the time of the conveyance owned by the husband and wife as tenants by the entireties and (2) the conveyance was made at a time when the 1885 constitutional provision was applicable. We held that the 1885 constitutional provision did not apply to an estate by the entireties occupied as a home of the parties, citing Denham v. Sexton, 48 So.2d 416 (Fla. 1950). In so doing, we stated:
The provisions of Article X, Section 4, of the 1885 Constitution, which Justice Sebring was construing, were in effect at the time the deed was made in the instant case. The same basic requirements are in our present constitutional provision. All the cases cited in the District Court opinion concern homestead property owned solely by the head of the household.
335 So.2d at 812. Much reliance was placed by the district court on this portion of our opinion, particularly the sentence stating that the same requirements are in our present constitutional provision. To eliminate any mistaken impression concerning our intent, we explain that this paragraph concluded there was no change between the 1885 constitutional provision and the 1972 constitutional provision concerning the disposal of property which is held as a tenancy by the entirety. By our Williams decision we did not intend to adopt a rationale which would require joinder by the spouse where there is interspousal alienation of solely owned homestead property by conveyance to the spouses as a tenancy by the entirety.
Our construction and interpretation of the constitutional provision is in complete harmony with section 689.11, Florida Statutes. The legislature in its interpretation of the constitutional provision obviously believed that joinder is not constitutionally required in circumstances such as those in the instant case. Our conclusion is also in accordance with the authors of Our Legal Chameleon (1972) and the Star Project Report to the Constitution Revision Commission.
The decision of the district court of appeal is reversed and remanded with directions that the trial court vacate summary judgment and enter a judgment in accordance with the views expressed in this opinion.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, ENGLAND, ALDERMAN and McDONALD, JJ., concur.