411 So.2d 1024 (1982)
George ROBBINS and Aaron Robbins, Appellants,
v.
May ROBBINS and Jere Pinco, Appellees.
No. 81-1590.
District Court of Appeal of Florida, Second District.
March 31, 1982.
James P. Bennett, Law Offices of James P. Bennett, St. Petersburg, for appellants.
Richard A. Zacur of Mensh, Zacur & Graham, P.A., St. Petersburg, for appellees.
SCHEB, Chief Judge.
Appellants challenge the trial court's entry of summary judgment in favor of appellees, contending that the deed by which their father conveyed the homestead property to himself and his second wife as tenants by the entirety in 1966 is void because the second wife did not join in the conveyance. Therefore, they argue that they have a remainder interest in their father's homestead. We agree and reverse.
Appellants, the children of the late Hyman and Jeanette Robbins, filed suit claiming a remainder interest in homestead real property. The thrust of their allegations was that in 1959 their deceased parents acquired title to the real property involved here as an estate by the entirety. After their mother died their father remarried, and on May 25, 1966, conveyed the property to himself and his new wife, May Robbins, as an estate by the entirety. However, May Robbins did not join in the conveyance. On May 11, 1968, Hyman Robbins died, and on December 10, 1975, appellee May Robbins, his unremarried widow, conveyed the property to her son, appellee Jere Pinco, reserving for herself a life estate.
In Robbins v. Robbins, 360 So.2d 10 (Fla. 2d DCA 1978), we held that these facts stated a cause of action. There, we noted that the decisions construing the "homestead" provision under the Florida Constitution of 1885, in effect in 1966 when Hyman Robbins attempted to create an estate by the entirety with his wife, May Robbins, required both spouses to join in the execution of a deed conveying homestead property. We also observed that a gratuitous conveyance of homestead property from husband to wife under the former constitution was void, at least where there were children. Accordingly, we reversed the trial court's dismissal of the appellants' complaint, and remanded the case to the trial court for further proceedings.
Upon return to the trial court, both appellants and appellees moved for summary judgment as the material facts were uncontested. The trial court granted appellees' motion concluding that the supreme court's recent opinion in Jameson v. Jameson, 387 So.2d 351 (Fla. 1980), controlled and mandated a ruling in their favor. There, Louis Jameson conveyed homestead property in his sole name to his wife Martha Jameson and himself as tenants by the entirety in *1025 1974. Martha Jameson did not join in the conveyance. After Louis Jameson died, his son sought to have the conveyance declared void on the ground that the constitutional requirement of joinder was not fulfilled. The trial court voided the deed. The Third District Court of Appeal affirmed holding that Article X, section 4(c) of the Florida Constitution "clearly requires joinder of the wife where there is an attempt to alienate homestead property." Jameson v. Jameson, 369 So.2d 436, 437 (Fla. 3d DCA 1979). In reversing, the supreme court in Jameson v. Jameson, 387 So.2d 351 (Fla. 1980), emphasized that the Florida Constitution, as revised in 1972, modified section 4(c) to read, "The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse." (Emphasis supplied.)
In Jameson the supreme court observed that this critical language adopted by the 1968 constitutional revision had not previously been construed. After detailing the history of the revision of the constitution in respect to homestead property, the court concluded that section 4(c) no longer requires joinder by the wife to transfer homestead property from sole title in the husband to the husband and wife as an estate by the entirety.
In ruling on the motion for summary judgment, the trial court apparently applied the rationale of the supreme court's opinion in Jameson to the instant case concluding that Jameson implicitly overruled our previous opinion in this case. In doing so we think the court erred. As Judge Danahy pointed out in our previous opinion, Article X, section 4(c) of the 1885 Constitution governs the instant case, and that section was construed to prohibit the conveyance from Hyman Robbins to himself and his second wife. Thus, the supreme court's opinion which construed the 1968 revision of the constitution as amended in 1972 does not control this case.
In addition, we reject appellees argument that section 689.11, Florida Statutes (1981) modifies the constitutional requirements of the 1885 Constitution. This statute could not validate this deed which was void under the 1885 Constitution. Mr. Robbins' death preceded the revision which would have upheld this transfer.
Therefore, we vacate the summary judgment granted appellees, and direct the trial court to enter summary judgment in favor of appellants.
OTT and RYDER, JJ., concur.