SCHOONOVER, Judge.
The appellant, Earl L. Nelson, has appealed a final summary judgment holding that an interspousal conveyance of certain real estate was valid.' We revérse.
Louis E. Nelson, appellant’s father, purchased the property in question on October 15, 1962. At all times material to this case, the appellant did not live on the property, was a self-supporting married adult, and resided outside of the state of Florida.
On October 18, 1962, Louis E. Nelson and his future wife, Dorothy, moved into the property which was to become their matrimonial domicile and lived there together continuously until Louis E. Nelson’s death on February 20, 1973.
On October 19, 1962, the parties were married and on the same day executed the *32 deed in question. The deed reflects that Louis E. Nelson joined by his wife, Dorothy Nelson, conveyed the property by warranty deed to Louis E. Nelson and Dorothy Nelson, his wife. The deed was executed pursuant to section 689.11, Florida Statutes (1961), in an effort to create an estate by the entireties.
On August 12, 1980, after Mr. Nelson’s death, Mrs. Nelson conveyed the property to her daughter Sandra L. Boyer and her husband James L. Boyer. The Boyers, ap-pellees, filed the instant action seeking a declaratory judgment declaring them to be holders in fee simple of the property.
The trial court found that the property had not acquired homestead status, and, therefore, the interspousal transfer in question was valid.
We agree that Louis E. Nelson did not become the head of the household during the three-day period he owned the home prior to his marriage to Mrs. Nelson. Earl L. Nelson was a self-supporting adult child who did not reside on the property. However, at the time of Louis’ marriage to Mrs. Nelson, the parties were already residing in the home, and it therefore became homestead property immediately. Homestead status having attached to the property, the subsequent conveyance in an effort to establish an estate by the entireties was void ab initio. Gotshall v. Taylor, 196 So.2d 479 (Fla. 4th DCA 1967); Moore v. Moore, 237 So.2d 217 (Fla. 4th DCA 1970).
Even though the deed was executed pursuant to section 689.11, Florida Statutes (1961), which permits the creation of an estate by the entireties by deed from the husband to the wife, the statute is inapplicable to homestead property under Article X of the 1885 Florida Constitution, which was in effect at the time of the transfer. Fla.Const. of 1885 art. X § 4.
Since the October 19,1962 deed was void, Mrs. Nelson acquired a life estate in the property at the time of Mr. Nelson’s death and therefore could only convey a life estate to the appellees. The appellant acquired the remainder interest upon his father’s death.
We reverse and remand for the entry of a judgment consistent herewith.
SCHEB, C. J., and RYDER, J., concur.