526 So.2d 131 (1988)
Edna C. CHAPMAN, Edwina Demetree, and Margaret Jean Leno, Appellants/Cross-Appellees,
v.
Arthur Edward CHAPMAN, Linda Rhodes, Estelle M. Fay, Frank Walton Chapman, III, and Muriel Thielen, Appellees/Cross-Appellants.
No. 87-1037.
District Court of Appeal of Florida, Third District.
May 10, 1988.
Rehearing Denied June 30, 1988.
*132 Leon G. Nichols, Miami, for appellants/cross-appellees.
Tescher & Milstein, P.A., and Richard C. Milstein, Coral Gables, for appellees/cross-appellants.
Before HENDRY, NESBITT and JORGENSON, JJ.
JORGENSON, Judge.
Edna Chapman and her grantees Margaret Jean Leno and Edwina Demetree appeal from an order of the trial court finding void ab initio certain deeds of homestead property and holding Edna responsible for delinquent property taxes. The remaindermen cross-appeal the trial court's finding that Edna retained a life estate in the property. The remaindermen also contend that the court erred in failing to hold the grantees liable for the delinquent taxes and in failing to award the remaindermen their attorney's fees. For the reasons which follow, we affirm in part and reverse in part.
The lineal descendants of Frank Walton Chapman, Sr., and his first wife, Svea, brought, as remaindermen of Frank's estate, an action for declaratory judgment, quiet title, and waste regarding the homestead property. The property at issue was conveyed by warranty deed to Frank and Svea in April, 1937. Svea died the following month and title vested in Frank as surviving spouse. In addition to Frank, Svea was survived by their children, Frank, Jr., Estelle, Walter, and Lawrence. Frank later married Edna C. Chapman. No children were born of the second marriage. Frank executed a will in 1952, giving a life estate in the property to Edna and a remainder interest to Frank's children by his marriage to Svea. In 1955, eighteen years after Svea's death, Frank singly executed a warranty deed from Svea and him to him and Edna. At the time of the 1955 deed the real estate was the homestead property *133 of Frank and Edna. Frank died testate in 1959, and Edna administered his estate. She continued to live on the property until she moved to a retirement home in 1972. From 1972 until 1984, she rented the property, maintained it, collected the rentals, and paid real estate taxes. In 1985, Edna executed a warranty deed conveying the property in fee simple to Edwina Demetree, her daughter by a previous marriage, and Margaret Jean Leno, her grandniece. The record reflects that Margaret Jean and her husband now collect the rentals and manage the property. It is undisputed that property taxes have not been paid since 1984.
The trial court referred the question of title to a special master who determined that the 1955 deed was void ab initio. The special master concluded that Edna was left with a life estate upon Frank's death and that the 1985 deed was void insofar as it tried to convey fee simple title but was valid to convey Edna's life estate to Edwina and Margaret Jean. The trial court, partially adopting the special master's findings, determined that both the 1955 deed and the 1985 deed were void ab initio. The trial court found that Edna still possessed a life estate and that she had committed waste on the property. The court held Edna responsible to the remaindermen for the unpaid real property taxes for the years 1984, 1985, and 1986, and taxed costs and expert witness fees against her.

I. 1885 FLORIDA CONSTITUTION
A conveyance of homestead property prior to 1968 must be construed under article X of the 1885 Florida Constitution. Moore v. Moore, 237 So.2d 217 (Fla. 4th DCA), cert. denied, 240 So.2d 644 (Fla. 1970). The homestead language is contained in sections 1 and 4 of article X and reads as follows:
SECTION 1. Exemption of homestead; extent.  A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, together with one thousand dollars worth of personal property, and the improvements on the real estate, shall be exempt from forced sale under process of any court, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists.
... .
SECTION 4. Homestead may be alienated by husband and wife.  Nothing in this Article shall be construed to prevent the holder of a homestead from alienating his or her homestead so exempted by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists; nor if the holder be without children to prevent him or her from disposing of his or her homestead by will in a manner prescribed by law.
Fla. Const. art. X, §§ 1, 4 (1885).
The provisions of the 1885 Constitution were in effect in 1955 when Frank attempted to create an estate by the entireties with Edna. Florida case law establishes that, prior to 1968, a deed purporting to convey homestead property, executed solely by the owner either directly to the other spouse as grantee or to both spouses as tenants by the entireties is ineffective to convey legal title and is void ab initio. Moore, 237 So.2d at 220. See also Nelson v. Boyer, 412 So.2d 31 (Fla. 2d DCA 1982) (1962 deed attempting to establish estate by the entireties from homestead property was void ab initio); Robbins v. Robbins, 411 So.2d 1024 (Fla. 2d DCA) (1966 deed by which husband purportedly conveyed homestead property to himself and his second wife as tenants by the entireties was void where second wife did not join in conveyance), rev. dismissed, 417 So.2d 330 (Fla. 1982); Gotshall v. Taylor, 196 So.2d 479 (Fla. 4th DCA) (where the requirements of the constitution are not complied with in alienating homestead property, the attempt is void ab initio), cert. denied, 201 So.2d 558 (Fla. 1967); Moorefield v. Byrne, 140 So.2d 876 (Fla. 3d DCA) (attempt by husband to transfer homestead property to himself and second wife as tenants by the entireties was void where second wife did not join in *134 conveyance), cert. denied, 147 So.2d 530 (Fla. 1962).
Jameson v. Jameson, 387 So.2d 351 (Fla. 1980), does not contravene the above-cited cases. In Jameson, the supreme court construed language in article X, section 4, revised in 1968 and amended in 1972, to allow a husband who was the sole owner of the homestead to convey the homestead property to his wife and him as a tenancy by the entireties without joinder by the wife as a grantor in the conveyance.[1] The result in Jameson, however, cannot be applied retroactively to affect the 1955 deed at issue in this case, see Robbins, 411 So.2d at 1025, nor can section 689.11, Florida Statutes (1987), modify the 1885 constitution. Id. See also Anderman v. Miller, 359 So.2d 472 (Fla. 3d DCA 1978) (article X, section 4(c), of the 1968 constitution not applicable in proceeding to set aside homestead where decedent died when 1885 constitution was in full force and effect).
The homestead provisions of the 1885 Florida Constitution required Frank to join with his living wife, Edna, in conveying homestead property to himself and Edna in order to create a tenancy by the entireties. Frank could not satisfy the joinder requirement by joining his deceased wife, Svea, and it is undisputed that Edna never joined in the attempted conveyance. The trial court correctly found the 1955 deed void ab initio.
Pursuant to article X, section 4, of the 1885 constitution, a holder of homestead is barred from devising the homestead where there are surviving children. Anderman, 359 So.2d at 474. Because he was survived by his children, Frank's attempt to devise his homestead was rendered a nullity.[2] The result he sought by operation of will, however, is the same as that mandated by the descent and distribution statute, that is, "the surviving spouse shall take a life estate in the homestead with a vested remainder to the lineal descendants in being at the time of decedent's death." § 731.27 (1959).[3] Upon Frank's death on April 18, 1959, Edna had the right of possession of the homestead property: a life estate vested in her by operation of law, with a vested remainder in Frank's lineal descendants.

II. 1985 CONVEYANCE
The power to transfer an estate for life is an ordinary characteristic of such an estate. Further, "[t]he estate for life is not forfeited by any attempt made by the owner thereof to convey more than he owns, but the transferee does get the estate for life." 2 R. Powell, The Law of Real Property § 203[3](rev. ed. P. Rohan 1986). The trial court erred in finding the 1985 warranty deed from Edna to Edwina *135 and Margaret Jean void ab initio. While it is true that Edna, as life tenant, could not deed away any interest greater than that which she possessed, under modern conveyancing a purported conveyance of a fee simple by the life tenant is effective to convey a life estate. Scott v. Fairlie, 81 Fla. 438, 89 So. 128 (1921). See also Haydon v. Weltmer, 137 Fla. 130, 187 So. 772 (1939) (absent a power to convey a greater estate, a life tenant's bill of sale of personalty conveys merely his life estate therein). We hold, therefore, that the warranty deed executed by Edna in 1985 sufficed to transfer her life estate in the real property to her daughter and grandniece.

III. REMAINDERMEN
The duty owed by life tenants to remaindermen is comparable to that of a trustee or quasi-trustee, because the life tenant cannot injure the property to the detriment of the rights of the remaindermen. Wagner v. Moseley, 104 So.2d 86 (Fla. 2d DCA 1958). Ordinary life tenants may not permanently diminish or alter the value of the remaindermen's future estate, a limitation which places on ordinary life tenants "the responsibility for all waste of whatever character." Sauls v. Crosby, 258 So.2d 326, 327 (Fla. 1st DCA 1972). It is well settled that life tenants are bound in law to pay property taxes during the continuance of their estate. Pike v. Wassell, 94 U.S. 711, 24 L.Ed. 307 (1877). Failure to pay taxes constitutes waste. Therefore, "[a] life tenant who commits an act which results in damage to the corpus of the property or to the reversioner or the remainderman, if done in a manner inconsistent with good husbandry and not done as would a reasonable fee simple owner were he occupying the land, is liable for damages." 1A R. Boyer, Florida Real Estate Transactions, § 18.07[3] (1987) (citing Sauls v. Crosby, 258 So.2d 326 (Fla. 1st DCA 1972)). The vested remaindermen in the instant case properly brought an action for waste. See Weed v. Knox, 157 Fla. 896, 27 So.2d 419 (1946) (vested remainderman has right to protect real property and maintain an action for any injury to inheritance). The trial court was correct in finding that waste had been committed to the property in the form of unpaid real property taxes for the years 1984, 1985, and 1986.
The remaindermen urge that the appropriate remedy for the life tenant's failure to pay taxes is an acceleration of the vested remaindermen's interest in the real estate. The doctrine of acceleration rests upon the presumed intentions of a testator regarding a life estate created by will or trust. Murphy v. Murphy, 125 Fla. 855, 170 So. 856 (1936). Our research has not revealed, nor have the parties cited any Florida case in which the doctrine has been applied to a life estate created by operation of homestead law, and we decline the invitation to apply the doctrine to the case before us. Most jurisdictions have held that, upon the failure of the life tenant to pay the taxes, the remainderman is entitled to have a receiver appointed to collect the rents and apply them to discharge the tax indebtedness. 51 Am.Jur.2d, Life Tenants and Remaindermen, § 257 (1970), and cases cited therein. In its final order, the trial court directed that the life tenant establish an escrow account for the purpose of making future real estate tax payments. On remand, we direct the trial court to consider the merits of appointing a receiver to collect rents, pay taxes, and account to the remaindermen. We also remand for the purpose of properly allocating the present tax arrearage between the previous life tenant, Edna, and the present life tenants. In addition, the expert witness fees and costs must be reallocated so that the present life tenants will bear an equitable share. We will not disturb the trial court's denial of attorney's fees to the remaindermen.
Affirmed in part, reversed in part, and remanded for further proceedings in accordance with this opinion.
NOTES
[1] Article X was changed in the constitutional revision of 1968. Section 4(c) was amended in 1968 and in 1972 and reads as follows:

The homestead shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the owner's spouse if there be no minor child. The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse. If the owner or spouse is incompetent, the method of alienation or encumbrance shall be as provided by law.
Fla. Const. art X, § 4(c).
[2] The second clause in the will provides as follows:

I give and bequeath unto my said wife, EDNA C. CHAPMAN, if she shall survive me, a life estate in my real estate and in all furniture, equipment and fixtures normally kept or used in connection with such real estate. It is my intention that my said widow receive income from such real and personal property through the remainder of her lifetime and that she shall keep up and pay all taxes against such property as well as maintain and pay for reasonable insurance thereon and reasonable repairs thereto. Subject to above life estate to my said wife, I give, bequeath and devise said real and personal property to my three (3) children, share and share alike, namely, 1) FRANK WALTON CHAPMAN, JR., 2) ESTELLE FAY (Mrs. Eathan Fay), and 3) LAWRENCE V. CHAPMAN. Should either [sic] of my said children predecease me the share and property otherwise going to my said child shall go to the lineal descendant (or lineal descendants, in equal shares, per stirpes and not per capita) of my said child who shall survive me.
[3] Currently section 732.401, Florida Statutes (1987).