631 So.2d 329 (1994)
OTTO V. SIGMUND, JR. AND RUTH C. SIGMUND, APPELLANTS,
v.
KENNETH JACQUES ELDER, SR., AS PERSONAL REPRESENTATIVE OF THE ESTATE OF OTTO V. SIGMUND, DECEASED, APPELLEE.
Nos. 92-3713, 92-3715.
District Court of Appeal of Florida, First District.
February 1, 1994.
*330 Edward C. Akel and John R. Stiefel, Jr. of Holbrook, Akel, Cold, Akel & Holbrook, P.A., Jacksonville, for appellant Otto V. Sigmund, Jr.
Joseph S. Farley, Jr. of Mahon, Farley & McCaulie, P.A., Jacksonville, for appellant Ruth C. Sigmund.
Robert L. Rowe, Jr. of Rowe and Rowe, P.A., Jacksonville, for appellee.
SMITH, Judge.
Appellant seeks reversal of an order entered in the probate division of the circuit court below establishing a life estate in certain real property in favor of Ruth C. Sigmund, the surviving spouse of the deceased, Otto V. Sigmund. We affirm.
In January 1962, the deceased executed and recorded a deed by which he attempted to convey homestead property owned solely by him to himself and his wife, Ruth C. Sigmund, as tenants by the entirety. Ruth C. Sigmund did not join in the execution of this deed. Because of her non-joinder in the deed, under the law in effect at the time of the conveyance,[1] the 1962 deed was void ab initio. Chapman v. Chapman, 526 So.2d 131 (Fla. 3d DCA 1988). On the authority of Chapman, the lower court held that Ruth C. Sigmund, as surviving spouse, possessed a life estate in the subject property and that the adult children of the deceased possessed a remainder interest, in accordance with section 732.401, Florida Statutes (1991).
*331 On appeal, Ruth C. Sigmund and one of the adult children of the deceased, Otto V. Sigmund, Jr., argue that the lower court erred in not considering the curative effect of Chapter 712, Florida Statutes, the Marketable Record Title Act (MRTA). This argument is without merit. In Reid v. Bradshaw, 302 So.2d 180 (Fla. 1st DCA 1974), this court found that MRTA could not cure the inherent defect of a deed conveying homestead property which was not joined by both spouses at a time when the 1885 Constitution required alienation by both the husband and the wife when the relationship existed. See also, ITT Rayonier, Inc. v. Wadsworth, 346 So.2d 1004 (Fla. 1977).
As for appellants' argument that the deceased's personal representative was estopped from denying that the surviving spouse possessed more than a life estate because the deceased had previously conceded, in a dissolution proceeding, that the property in question was subject to equitable distribution, this argument is also without merit. In Moore v. Moore, 237 So.2d 217, 220 (Fla. 4th DCA), cert. denied, 240 So.2d 644 (Fla. 1970), the court cited previously established case law holding that a "constitutional or statutory prohibition cannot be given the breath of life by estoppel." In Moore, the husband had alleged in a dissolution proceeding that certain property was held as an estate by the entirety. In a later proceeding where the husband sought partition of this same property, the wife argued the husband was estopped from claiming that the property was held as a tenancy in common; as noted, the estoppel argument was rejected.
Also, it is well-established that the title to property is not always determinative of whether the property is a marital asset for equitable distribution purposes. See, Hamm v. Hamm, 492 So.2d 467 (Fla. 1st DCA 1986), and Holmes v. Holmes, 613 So.2d 511 (Fla. 3d DCA 1993). We note that there is no evidence in the instant record substantiating the allegation that the deceased had formally conceded the property was subject to equitable distribution. Furthermore, there is no indication in the instant record that the deceased knew the 1962 deed was void; the husband's erroneous understanding of the effect of the 1962 deed cannot control. On this point, there can be little doubt that the deceased intended, in 1962, to create an estate by entirety with his wife. Unfortunately for Ruth C. Sigmund, the intent of a party is not controlling in a case such as the instant one when the formal requirements regarding a conveyance of a homestead were not satisfied.
Finally, we must reject appellants' argument that the void deed of 1962 is resurrected by operation of section 689.11, Florida Statutes, which provides, in pertinent part, that an estate by the entirety may be created by the conveyance of the spouse holding title to both spouses. While it is true that there is no mention in section 689.11 of a requirement that both spouses must join in the conveyance, this statutory provision cannot modify the constitutional requirements of the 1885 Constitution, which governs the case before us, as noted. Robbins v. Robbins, 411 So.2d 1024, 1025 (Fla. 2d DCA), rev. dismissed, 417 So.2d 330 (Fla. 1982); Nelson v. Boyer, 412 So.2d 31 (Fla. 2d DCA 1982).
Accordingly, the order under review is AFFIRMED.
ERVIN and ALLEN, JJ., concur.
NOTES
[1] The law established under the 1885 Florida Constitution controls conveyances occurring before 1968, when the state constitution was revised. Robbins v. Robbins, 411 So.2d 1024 (Fla. 2d DCA 1982), rev. dismissed, 417 So.2d 330 (Fla. 1982); Chapman v. Chapman, 526 So.2d 131 (Fla. 3d DCA 1988).