979 So.2d 981 (2008)
Eve Huson SCHNEBERGER, Appellant,
v.
Christopher SCHNEBERGER, Robert Schneberger, Scott Schneberger, Jennifer Martin, and Christoper Schneberger, as Trustee of the Robert M. Schneberger Trust, Appellees.
No. 4D07-1697.
District Court of Appeal of Florida, Fourth District.
February 13, 2008.
*982 J. Garry Rooney and Elizabeth Stewart Brooker of Brooker & Rooney, P.A., Vero Beach, for appellant.
Michael O'Haire of O'Haire, Quinn, Candler & Casalino, Chartered, Vero Beach, for appellees.
WARNER, J.
This appeal emanates from a dispute between a widow and her stepson over the terms of a prenuptial agreement, trust agreement, and will of the deceased husband/father. The parties disputed the wife's responsibility for costs associated with her occupancy of the husband's home, in which she was given a life estate in the prenuptial agreement. She contended that she did not have a true life estate and was not responsible for much of the upkeep, taxes, and insurance. The trial court declared that she received a life estate and was responsible for those costs. We affirm the declaratory judgment.
Prior to their marriage, the husband and his future wife, the appellant, entered into a prenuptial agreement which provided for the wife to have a life estate in the husband's home should he predecease her. She was permitted to reside in the home until her death or remarriage. She could not rent it out.
During the marriage, the husband amended his trust, to which he transferred most of his other assets, to provide that his trustee should honor the provisions of the prenuptial agreement. The husband died while still married to his wife.
When the home was damaged by hurricanes, the expense of repair and insurance became an issue between the wife and the remainderman, the husband's son by a prior marriage, who was also the trustee of the husband's trust. The wife filed a complaint against the trustee and remainderman to determine who was responsible for the cost of repairs as well as the continuing cost of insurance. The remainderman filed a counterclaim for declaratory judgment as to the same issues.
After a trial, the court declared that the prenuptial agreement, trust, and will were not in conflict. The wife was entitled to a life estate in the property and as such was responsible for those duties of a life tenant, including the responsibility to pay all ordinary and necessary expenses that inure to a homeowner, including taxes, insurance, homeowner's association fees, and general repairs for the upkeep and maintenance of the property. The remainderman was responsible to pay for the hurricane repair costs from the proceeds of the insurance as an extraordinary expense to the property. He was also required to pay the special hurricane assessment by the homeowner's association. The wife appeals.
Although the wife raises several evidentiary issues, we deem these to be insubstantial, as the main issue involves the legal construction of the prenuptial and the trust agreements, along with the legal obligations ensuing from them. The wife argues that she does not have a true life estate in that she cannot deal with the property as her own by, for instance, renting it, and thus should not have the legal obligation of the expenses of a normal life tenant.
The trial court's ruling interpreted the various agreements and contracts. Thus, our standard of review of this declaratory judgment is de novo, as contract *983 interpretation is an issue of law. Royal Oak Landing Homeowner's Ass'n v. Pelletier, 620 So.2d 786, 788 (Fla. 4th DCA 1993). The trial court determined the husband granted the wife a life estate in the residence through the prenuptial agreement until her death or remarriage, subject to a restriction that she could not rent the home or dispose of its contents.[1] Because the agreement was executed with the formalities of a deed, we agree that the wife's interest in the property was established in the prenuptial agreement, and that agreement, not the trust, controlled. The wife agreed to a limitation on the general rights of a life tenant, in that she was not entitled to income rights from the property, such as rent. The trial court found that the agreement was valid and enforceable. Therefore, we conclude that the court did not err in determining that the wife held a life estate in the property, responsible for all those obligations of a life tenant.
In Florida, "a tenant for life or a person vested with an ordinary life estate is entitled to the use and enjoyment of his estate during its existence." Sauls v. Crosby, 258 So.2d 326, 327 (Fla. 1st DCA 1972). "The only restriction on the life tenant's use and enjoyment is that he not permanently diminish or change the value of the future estate of the remainderman. This limitation places on the `ordinary life tenant' the responsibility for all waste of whatever character." Id. (footnote omitted). "It is well settled that life tenants are bound in law to pay property taxes during their continuance of their estate. Failure to pay taxes constitutes waste." Chapman v. Chapman, 526 So.2d 131, 135 (Fla. 3d DCA 1988) (citations omitted). Therefore, it follows that the wife would have the responsibility to pay all ordinary and necessary expenses that inure to a homeowner, including taxes, insurance, homeowner's association fees, and general repairs for the upkeep and maintenance of the property, and not to dissipate or cause waste to the property.
The trial court specifically found that the wife, as life tenant, was responsible for the payment of homeowner's insurance. Florida has followed the rule that "[t]he duty owed by life tenants to remaindermen is comparable to that of a trustee or quasi-trustee, because the life tenant cannot injure the property to the detriment of the rights of the remaindermen." Id. In other jurisdictions which hold that a life estate is a quasi-trust, with the life tenant having a duty to preserve the estate for the benefit of the remainderman, a life tenant has a duty to not only make repairs and improvements, but pay taxes and insurance on the property. See Keesecker v. Bird, 200 W.Va. 667, 490 S.E.2d 754, 767 n. 14 (1997); In re John's Will, 75 N.Y.S.2d 693, 696 (N.Y.Sur.1947) ("The law is well settled that in the absence of a contrary direction in the will, the life tenant of real property must pay taxes, insurance, and ordinary repairs thereon."). The trial court adopted this position, and we conclude that its ruling was a correct application of law.
We therefore affirm the final declaratory judgment.
FARMER and KLEIN, JJ., concur.
NOTES
[1] The wife had waived her homestead rights in the prenuptial agreement.