KRUSEN LAND & TIMBER CO. v. TAMPA SUBURBAN CORP. *et al.*

158 So. 712.

Opinion Filed January 18, 1935.

*W. F. Hobbs,* for Appellant;

*D. C. McMullen* and *D. Frederick McMullen,* for Appellees;

PER CURIAM.—On June 16, 1933, a bill in equity was filed against the Krusen Land & Timber Company, by Tampa Suburban Corporation, Paskill Corporation, and Percy A. Rockefeller as joint complainants but as suitors on individ-

ual and non joint claims, alleging that the defendant timber company was utterly irresponsible and insolvent, that certain timber in which complainants had an interest had been taken to the defendant company's sawmill and there sawed into lumber and the manufactured lumber was so commingled that it was utterly impossible to ascertain what parts or interest therein belonged to either of the several complainants, each of whom asserted that the commingled mass of manufactured lumber represented an asset on which complainants were entitled to claim and have enforced liens to the extent of their individual and several interests in the whole mass. The prayer of the bill was for an accounting from the defendant of all of its acts and doings in the premises; for an injunction restraining the defendant from disposing of any of the commingled mass of lumber and for the declaration of a lien against the mass in favor of each of the complainants to the extent of their several and individual claims.

The present appeal is from a final decree awarding relief to two of the complainants below and decreeing enforceable liens in favor of said two complainants against the commingled mass of lumber for which a receiver had been prayed for and appointed pending the final hearing.

While it is true that under Section 31 of the 1931 Chancery Act (Chapter 14658, Acts 1931) two or more plaintiffs can not join in a single equitable suit as joint plaintiffs unless they allege a joint cause of action in favor of the joint complainants, the rule is not violated in this case because the cause of action is predicated upon the alleged relationship which each of the complainants sustains toward the subject matter of the suit *through* their relationship with the defendant and is to that extent a joint interest in the

subject matter of the suit sufficient to satisfy the requirements of the rule laid down in the Chancery Act.

Where by reason of circumstances two or more persons have acquired a community of interest in a particular subject matter, there arises also a community of duty between them. 26 R. C. L. 1248. So where a lumber manufacturing company having a mass of manufactured lumber of its own receives, in violation of the rights of ownership of third parties, certain timbers which it knows is not its property, but which it nevertheless saws up into manufactured lumber and so commingles it with its own lumber on its general yard that the rights of ownership of the interested third parties cannot be identified in the general mass, other than by a tracing of the timber after their processing into the general mass, such third parties are entitled to treat the general mass of manufactured lumber as being held by the lumber company as a trustee *ex maleficio* for their benefit, and may maintain suit in equity to have such mass of lumber charged with equitable liens and sold for their benefit, and distribution of the proceeds made to the extent of their liens as adjudicated in the cause.

The present case came within the foregoing rule and while the particular relief sought by each complainant was in no respect joint *inter se*. There was nevertheless such a community of interest in the *res* as to amount to the assertion of a common right capable of being properly adjudicated in a single equity suit, notwithstanding the requirements of the 1921 Chancery Act which we hold has in no respect been disregarded in principle. So the motion to dismiss the bill was properly overruled.

The other questions argued on behalf of appellant depend for their decision entirely upon the weight and sufficiency of the evidence to support the finding of the Chan-

cellor against appellant on the controverted facts in this case. This Court can not say from its study of the transcript that the findings of the Chancellor in favor of complainants below are clearly wrong, to the decree appealed from ought not to be disturbed on that score.

Affirmed.

WHITFIELD, C. J., and TERRELL, BUFORD, and DAVIS, J. J., concur.

ELLIS and BROWN, J. J., concur specially.

BROWN, J., concurring.

The main question hereinabove discussed was not embraced in the "Statement of Questions Involved," nor insisted upon in argument, on appellant's first brief. Therefore we could have treated it as waived, as indeed it was, under Rule 20 of Supreme Court Practice.

ELLIS, J., concurs.