RUPERT L. RACKLEY, as Administrator of the Estate of N. Mathews, Deceased, v. LOUISE MATHEWS, a Single Woman.

193 So. 69

Division A

Opinion Filed January 9, 1940

*George Simpson, Webster Wallace* and *Frank Smathers,* for Appellant;

*C. C. Youmans,* for Appellee.

BUFORD, J.—In a suit by a *cestui* against the administrator of a deceased trustee for an accounting for and recovery of a trust fund, decree was in favor of plaintiff for the amount of the fund, the subject of the trusteeship, and interest.

The record shows conclusively that the fund was re-

ceived by the trustee for the purpose of being invested at the discretion of the trustee for the use and benefit of the *cestui* in 1925 and there is substantial evidence that trustee commingled the funds with his own, kept no book accounts or other records of the handling of the fund up to the time of his death, which occurred in October, 1937, and that practically up to the time of his death he represented to the *cestui* and others, that he still held the trust fund which would show large profits under his handling and that he was ready and willing to make an accounting to pay over the fund to the *cestui* at any time that she might wish him to do so. He was killed in an automobile accident before any demand was made on him to close the trust and, therefore, without closing the trust.

The record also shows that a considerable quantity of real estate which was held and owned by the trustee at the time of his death, was acquired in his name after the creation of the trust and, so far as the record discloses, the personal property of which he died possessed was acquired after the creation of the trust.

If this be the true status of the trust at the time of his death (and the chancellor so found) the reasonable conclusion to be drawn from such evidence is that the trust fund was at the time of his death a part of the assets of his estate.

It is needless for us to repeat and cite authorities to support the rule which is to the effect that the findings of fact by a chancellor on conflicting evidence will not be disturbed on appeal, unless the record clearly shows that the Chancellor was in error.

Our conclusion is that the decree of the chancellor should be affirmed on authority of McDonald v. Hartford Trust Co., 104 Conn. 169, 132 Atl. 902; Stults v. Gordon, 89 Ind.

App. 611, 167 N. E. 564; Glidden v. Gutelius, 96 Fla. 834, 119 Sou. 140; Krusen Land & Timber Co. v. Tampa Suburban Co., 118 Fla. 175, 158 Sou. 712; Evans v. Evans, 200 Ala. 329, 76 Sou. 95; Peters v. Bain, 133 U. S. 670, 10 S. Ct. 354, 33 I. Ed. 696, and authorities cited in those cases.

In the latter case it was said:

"Formerly the equitable right of following misapplied money or other property into the hands of the parties receiving it depended upon the ability of identifying it, the equity attaching only to the very properly misapplied. This right was first extended to the proceeds of the property, namely, to that which was procured in place of it by exchange, purchase or sale. But if it became confused with other property of the same kind, so as not to be distinguishable, without any fault on the part of the possessor, the equity was lost. Finally, however, it has been held as the better doctrine that confusion does not destroy the equity entirely, but converts it into a charge upon the entire mass, giving to the party injured by the unlawful diversion a priority of right over the other creditors of the possessor."

We adhere to the doctrine that "the confusion does not destroy the equity entirely, but converts it into a charge upon the entire mass, giving the party injured by the unlawful diversion a priority right over the other creditors of the possessor."

In Smith, Liquidator, etc., v. Reddish, 113 Fla. 20, 151 Sou. 273, we had under consideration a suit by an alleged *cestui* against the liquidator of a defunct bank and held: "The rule seems to be general that in case of an express trust, as between trustee and *cestui que* trust the statute of limitations has no application and no length of time will bar the claim prior to repudiation or adverse possession by the trustee and knowledge thereof by the *cestui que* trustant.

Pierce v. Perry, 189 Mass. 332, 75 N. E. 734, 109 A. S. R. 637; Jones v. Home Savings Bank, 118 Mich. 155, 76 N. W. 322, 74 A. S. R. 377, 17 R. C. L. 795; Perry on Trusts, 7th Edition, Section 863." And further said:

"We hold further that the claim brought in question is a preferred claim, not limited to payment from the cash on hand in the vaults of the bank at the time it closed but that it may be paid from the whole or general funds held or controlled by the bank at the time it closed, regardless of where located. Glidden v. Gutelius, 96 Fla. 834, 119 So. 140, rehearing denied (Fla.) 120 So. 1; Meyers v. Matusek, 98 Fla. 1126, 125 So. 360."

The same rule should be applied to an administrator taking possession of a trust fund and commingled with the corpus of an estate of a decedent which applies to a liquidator as successor trustee.

Decree is affirmed.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.