MR. JUSTICE SHEEHY
concurs in part and dissents in part.
I concur with the rest of the foregoing opinion, but I dissent from that part vacating the equitable lien created by the District Court.
*308 The majority is in error when it determines that there is no claim or debt here to which an equitable lien may reach.
It is inconsistent to hold on the one hand that Madison Fork Ranch is entitled to an injunction because Smith indiscriminately cut logs by clear-cutting irrespective of whether the trees were infected by the pine beetle, and on the other hand, to deny an equitable lien where the felled logs are wrongfully appropriated by Smith. The doctrine of equitable liens is not limited merely to property which is subject to the payment of a claim or debt. The power of a District Court to grant an equitable lien is as broad as the reach of equity itself, out of considerations of right and justice, to protect for the rightful owner property unlawfully appropriated.
“An equitable lien may arise independently of any express agreement; it may arise by implication from the conduct and dealings of the parties. As the rule is frequently stated, in the absence of an express contract, an equitable lien, based on those maxims which lie at the foundation of equity jurisprudence, may arise by implication out of general considerations of right and justice, where, as applied to the relations of the parties and the circumstances of their dealings, there is some obligation or duty to be enforced. However, the tendency is to limit rather than extend the doctrine of constructive liens, and, in order that such a lien may be claimed, either the aid of a court of equity must be requisite to the owner so that he can be compelled to do equity or there must be some element of fraud in the matter as a ground of equitable relief. Such a lien will not be implied and enforced where the facts and circumstances present no grounds for equitable relief, and there is an adequate remedy at law, as where the parties themselves have stipulated for a purely legal liability . .
“. . . If a court of equity can trace money or property unlawfully obtained or appropriated into any other shape, it will intervene to secure it for the owner, by holding it to be his or by giving him a lien on it, but such a lien cannot be enforced on other property which has not been enhanced or augmented by the unlawful ap *309 propriation . . .” 53 C.J.S. 844, 845, Liens, § 4(1). (Emphasis added.)
As to those logs which were rightfully cut by Smith, that is those trees which were infested by the mountain pine beetle, such trees became the property of Smith under the terms of this agreement immediately upon severance thereof. As to those trees which were wrongfully felled by Smith, those that were not so infected, there was an unlawful appropriation. Those lawfully appropriated and those unlawfully appropriated now appear to be in a single mass, unidentifiable perhaps, and the situation is one ripe for the equitable power of the District Court to protect the property of Madison Fork Ranch. In Krusen Land & Timber Co. v. Tampa Suburban Corp. (1935), 118 Fla. 173, 158 So. 712, where the lumber company received lumber belonging to others and knowingly sawed and commingled it with its own in an unidentifiable mass, the lumber company was a trustee ex maleficio and an equitable lien could be enforced against the whole mass of lumber.
The Court in granting injunctive relief was sitting in equity. A court sitting in equity has all power requisite to render justice between the parties, particularly if the intent and disposition of one party is not to perform its contractual obligations. Link v. State By & Through Dept. of Fish & Game(1979), 180 Mont. 469, 591 P.2d 214.
The majority has hobbled the equity court unnecessarily in preventing it from giving complete equitable relief.
I would affirm in toto.
MR. JUSTICE DALY concurs.