973 So.2d 1244 (2008)
Robert R. KRILICH, individually and doing business as the RK Company, Donna Krilich, and Oakbrook Realty & Investments LLC, Appellants,
v.
Michael THOMAS; Lola Thomas; Oakridge Hotel I, Ltd.; Oakridge Hospitality, Inc.; Excel Hotel Management, Inc.; Atlantic. Point, Inc. and Oakridge Hotel II, Ltd., Appellees.
No. 4D07-1260.
District Court of Appeal of Florida, Fourth District.
January 30, 2008.
Rehearing Denied March 3, 2008.
*1245 Gregory G. Olsen and Brian D. Gottlieb of Morgan, Olsen & Olsen, LLP, Fort Lauderdale, for appellants.
Thomas F. Luken, Fort Lauderdale, for appellees Michael Thomas, Lola Thomas, Oakridge Hospitality, Inc., Excel Hotel Management, Inc., and Atlantic Point, Inc.
LEVIN, STEVEN J., Associate Judge.
Appellants, Robert R: Krilich, individually and doing business as the RK Company, Donna Krilich, and Oakbrook Realty & Investments II, LLC (collectively referred to as "the Krilichs"), appeal the trial court's dismissal with prejudice of their amended complaint against Appellees, Michael Thomas, Lola Thomas, Oakridge Hotel I, Ltd., Oakridge Hospitality, Inc., Excel Hotel Management, Inc., Atlantic Point, Inc., and Oakridge Hotel II, Ltd. (collectively referred to as "Thomas"). The Krilichs also appeal the trial court's denial of their request for leave to amend.
We affirm the trial court's ruling dismissing the Krilichs' complaint for specific performance. However, we remand the matter for the trial court to allow the Krilichs to amend their complaint, as the lower court abused its discretion in denying their request to amend. "`[R]efusal to allow amendment of a pleading constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party; the privilege to amend has been abused; or amendment would be futile.'" Video Indep. Med. Examination, Inc. v. City of Weston, 792 So.2d 680, 681 (Fla. 4th DCA 2001) (quoting Spradley v. Stick, 622 So.2d 610, 613 (Fla. 1st DCA 1993)). An amendment would not prejudice Thomas. In addition, the privilege to amend has not been abused, as the complaint has been amended on only one occasion and "[g]enerally, a trial court is within its discretion to dismiss a complaint with prejudice after three opportunities to amend." Horton v. Freeman, 917 So.2d 1064, 1066 (Fla. 4th DCA 2006) (citation omitted) (emphasis added). Finally, the amendment would not be futile.
Therefore, this matter is remanded to allow the Krilichs to amend their complaint, and affirmed in all other aspects of the opinion.
Affirmed in Part; Reversed and Remanded in Part.
SHAHOOD, C.J. and TAYLOR, J., concur.