TAYLOR, J.
 

 The beneficiaries of a trust and pour-over will filed a petition for an accounting and injunction against the decedent’s widow, Mary Boerckel, individually and as successor trustee under the Eldert W. Boerckel Irrevocable Trust.
 
 [1]
 
 The trial court dismissed the claims against Boerck-el individually with prejudice, without allowing petitioners leave to amend the petition. Petitioners’ proposed amendment was intended to clarify claims being asserted against Boerckel personally. Because the trial court abused its discretion in refusing to allow petitioners an opportunity to amend, we reverse.
 

 The decedent devised the residue of his estate to the trust. Under its terms, petitioners were each given a remainder interest in separate real estate properties owned by the trust. Mary Boerckel holds a life tenancy in all these properties. Each of the properties produces rental income to the trust. Petitioners brought an action for an accounting and an injunction against Boerckel. After amending the petition to simply change the designation of Mary Boerckel from personal representative to successor trustee, petitioners filed a second amended petition.
 

 The second amended petition added a count for the establishment and foreclosure of an equitable lien (Count IV). It alleged that Boerckel had failed to: (1) pay real estate taxes due on the properties, (2) pay some taxes on time (resulting in interest charges), (3) keep the properties in proper repair (causing code enforcement liens to be placed on one or more of the properties), and (4) pay homeowners association monthly maintenance charges due on one or more of the properties. Count IV sought to impose an equitable lien against the life estates held by Mary Boerckel and requested that the properties be sold and the proceeds applied to satisfy the petitioners’ unpaid liens. The equitable lien count did not, however, clearly distinguish between Mary Boerckel’s personal liability and her liability as trustee.
 

 Mary Boerckel filed a motion to dismiss the second amended petition. She asserted that “[a]s a life tenant, Respondent, individually, has an absolute right to all rents collected from the real properties. Petitioners had no right to seek relief against Respondent, individually.” She also stated that it was unclear how petitioners were entitled to an accounting of the rents from the trustee. Her alternative position was that petitioners be required to plead a more definite statement.
 

 
 *445
 
 The trial court granted Boerckel’s motion to dismiss her in her individual capacity, without leave to amend as to all counts. It denied the motion to dismiss the claims against her as trustee. Petitioners moved for rehearing, contending that they should have been granted leave to amend them petition. They attached a proposed third amended petition to their motion. That pleading contains allegations relevant to petitioners’ proposed causes of action against Boerckel individually, as well as a reference to Section 736.1002(1), Florida Statutes, which creates individual personal liability of a trustee for damages for breach of trust.
 

 The standard of review applicable to a motion to amend a complaint is abuse of discretion.
 
 G.B. Holdings, Inc. v. Steinhauser,
 
 862 So.2d 97, 99 (Fla. 4th DCA 2003). Refusal to allow an amendment is an abuse of the trial court’s discretion “unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile.”
 
 Dieudonne v. Publix Super Markets, Inc.,
 
 994 So.2d 505, 507 (Fla. 3d DCA 2008) (quoting
 
 Gilbert v. Florida Power Light Co.,
 
 981 So.2d 609, 612 (Fla. 4th DCA 2008));
 
 Krilich v. Thomas,
 
 973 So.2d 1244, 1245 (Fla. 4th DCA 2008). However, whether a complaint is sufficient to state a cause of action is an issue of law subject to
 
 de novo
 
 review.
 
 Siegle v. Progressive Consumers Ins. Co.,
 
 819 So.2d 732, 734 (Fla.2002).
 

 In this case, the record does not show that allowing the amendment would prejudice Boerckel or that the privilege to amend was abused. Boerckel’s attorney did not request the court to dismiss the second amended petition with prejudice; he argued that petitioners should be required to separate out the allegations of individual liability in an amended petition.
 

 Further, the record shows that the proposed amendment to allege individual liability would not be futile. Among other duties, life tenants are legally bound to pay property taxes during the continuance of their estate.
 
 Chapman v. Chapman,
 
 526 So.2d 131, 135 (Fla. 3d DCA 1988). A life tenant who commits an unreasonable act which results in damage to the corpus of the property or the remain-dermen may be liable for damages.
 
 Id.
 
 This is independent of the law making a trustee personally liable for defalcations in handling the trust.
 
 See Flagship Bank of Orlando v. Reinman, Harrell, Silberhorn, Moule Graham, P.A.,
 
 503 So.2d 913, 916 (Fla. 5th DCA 1987) (citing Restatement (Second) of Trusts § 205 as to liability of a trustee for breaches of trust causing losses to trust);
 
 see also Beaubien v. Cambridge Consol., Ltd.,
 
 652 So.2d 936, 938 (Fla. 5th DCA 1995) (holding that it was error to dismiss complaint against individual defendants who had acted as agents of corporate trustee, who could be held “personally liable”). Thus, leave to amend should have been granted.
 

 Reversed and Remanded.
 

 HAZOURI, J., and BEACH, MARCIA, Associate Judge, concur.
 

 [1]
 

 . The terms of the trust and pour-over will are set out in
 
 Vaughan v. Boerckel,
 
 963 So.2d 915 (Fla. 4th DCA 2007).