POLEN, J.
Appellant Elwood Cooper appeals the trial court’s order granting three separate motions to dismiss filed by appellees Town of Jupiter, City of Boynton Beach, and City of Lake Worth (the “cities”).
Cooper is currently serving a life sentence in federal prison for trafficking in cocaine. See Cooper v. U.S. Dep’t of Treasury, Drug Enforcement Agency, Asset & Forfeiture Section, No. 05-14417, 2006 WL 637817 at *1 (11th Cir. Mar. 15, 2006). This appeal arises out of a lengthy litigation brought by Cooper pro se in 2002 against several local governments in an attempt to recover allegedly public records [1] relating to a 1997 multi-jurisdiction task force organized by the Drug Enforcement Agency which investigated and ultimately arrested Cooper for his drug crimes.
In June 2006, Cooper moved the trial court for leave to amend the complaint to add the cities of West Palm Beach, Lake Worth, Boynton Beach, and the Town of Jupiter as defendants in this action. The court denied the motion without explanation and denied Cooper’s motion for rehearing. Cooper then filed an “interlocutory appeal” of that order which appeal was summarily dismissed for lack of jurisdiction on October 23, 2006. Cooper v. Palm Beach County, No. 4D06-3606 (Oct. 23, 2006).
Cooper then filed another motion to amend his complaint to add Lake Worth, Boynton Beach, and Jupiter among other entities as defendants in April 2008. Cooper claimed that he had new information regarding the cities’ involvement in the task force which indicates their responsibility to provide public records. He then *682 filed a copy of the amended complaint. All three localities then moved to dismiss the amended complaint.
Without addressing the arguments in the motions to dismiss, the court sua sponte dismissed the amended complaint with prejudice and noted the 2006 order denying Cooper leave to file an amended complaint adding Jupiter, Boynton Beach, and Lake Worth. The trial court found that the complaint was filed without leave of the court and in violation of the Florida Rules of Civil Procedure. Accordingly, without reaching the arguments raised in the motions to dismiss, the court dismissed the complaint with prejudice. We hold that this was error and reverse.
Our reversal rests entirely on the fact that the trial court dismissed Cooper’s amended complaint with prejudice.[2] “Leave to amend should be liberally given and a dismissal with prejudice is not proper unless the privilege to amend has been abused, or it is clear that the pleading cannot be amended to state a cause of action.” Gamma Dev. Corp. v. Steinberg, 621 So.2d 718, 719 (Fla. 4th DCA 1993). Here, the trial court specifically stated that it was dismissing the action with prejudice for Cooper’s failure to obtain leave of court prior to filing the amended complaint. This was a drastic and unwarranted measure in light of the record. Therefore, we reverse the trial court’s order dismissing the amended complaint with prejudice and remand for the court to reconsider Cooper’s motion for leave to amend taking into account factors such as whether such amendment would prejudice the opposing parties, whether the privilege of amendment has been abused, and whether amendment would be futile. Vaughn v. Boerckel, 20 So.3d 443, 445 (Fla. 4th DCA 2009).

Reversed and remanded.

WARNER and DAMOORGIAN, JJ., concur.

. § 119.01, Fla. Stat. (2002).

. We have not determined whether the trial court could have properly denied Cooper’s motion for leave to amend to add additional cities, but the appropriate disposition based on the trial court's 2006 order denying leave to amend would have been to strike the proposed "third party complaints” against the additional defendants. Freeman v. Mintz, 523 So.2d 606, 609 (Fla. 3d DCA 1988) (holding that trial court acted properly in striking amended complaint where plaintiff neglected to obtain leave of court prior to amending allegations).