DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CF DOMINICANA CIGARS, INC.** and **RUBEN ORTIZ,**
Appellants,

v.

**AMERICAN AIRLINES, INC.,**
Appellee.

No. 4D2023-1964

[May 29, 2024]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward A. Garrison, Judge; L.T. Case No. 502022CC015101.

Jerome Ramsaran of Jerome Ramsaran, P.A., Miami, for appellants.

Alyssa M. Reiter of Wicker Smith O'Hara McCoy & Ford, P.A., Fort Lauderdale, for appellee.

FORST, J.

Appellants CF Dominicana Cigars, Inc. ("Cigars") and Ruben Ortiz appeal the trial court's order dismissing their second amended complaint with prejudice. In this breach of contract claim, Appellants argue American Airlines, Inc. ("American"), breached its contractual duties when American delayed the delivery of their luggage, causing Appellants to forfeit intended business. We disagree with Appellants and affirm.

## Background

Cigars contracted to perform cigar rolling services for a wedding in Chicago. Cigars subcontracted Ortiz to perform the cigar rolling services at the wedding. Cigars purchased two one-way American flight tickets from Dallas to Chicago for Ortiz. At the time of purchase, the parties entered into American's "Conditions of Carriage"—an agreement between the carrier and its passengers.

Ortiz boarded the American flight from Dallas to Chicago, checking luggage containing merchandise and tools required for the cigar rolling

event.  Upon arrival, Ortiz discovered his luggage had not also arrived and Ortiz was advised that it would take approximately three days for it to be delivered.  As a result of the untimely delivery of the luggage, Appellants were unable to fulfill their contractual obligations at the wedding.

In the operative second amended complaint, Appellants sued American for breaching the Conditions of Carriage because American's untimely delivery resulted in business losses.

In its motion to dismiss, American maintained Appellants failed to state an actionable claim and, because Appellants never requested further leave to amend, American argued that Appellants had waived any argument that dismissal should have been without prejudice and with leave to amend. The trial court granted American's motion and dismissed the complaint with prejudice.  This appeal follows.

## Analysis

We review an order dismissing a complaint with prejudice de novo. *Saunders v. Baseball Factory, Inc.,* 361 So. 3d 365, 369 (Fla. 4th DCA 2023).

"Refusal to allow an amendment is an abuse of the trial court's discretion 'unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile.'" *Progressive Select Ins. Co. v. Imaging Ctr. of W. Palm Beach, LLC*, 356 So. 3d 842, 844–45 (Fla. 4th DCA 2023) (quoting *Vaughn v. Boerckel,* 20 So. 3d 443, 445 (Fla. 4th DCA 2009)).

Appellants agreed, in the Conditions of Carriage, that they may not recover consequential damages.  The Conditions of Carriage— acknowledged by Appellants—expressly, plainly, and conspicuously limited American's liability for consequential damages in two places.

First, the parties agreed to limit American's liability under a bolded heading titled "Limit of liability."  This limitation of liability reads:

> **Limit of liability:** You agree we are not liable for special, consequential, indirect or incidental damages that arise from this agreement, even if we knew, should've known or were advised damages were possible, including from lost, damaged or delayed bags (including lost revenue or business interruption).

The provision further prevents Appellants' cause of action because it expressly limits American's liability for "lost revenue or business interruption" resulting from "delayed bags."

The second limitation of liability, set forth under a heading with oversized font titled "What we don't cover," states: "We don't cover loss or damage to: Business equipment or samples, or marketing material . . . We are not liable for any incidental, punitive or special damages that result from lost, damaged or delayed bags including damages for lost revenue or business interruption."

These limitations are enforceable under 14 C.F.R. § 254.5 (2021) and thus this type of financial recovery sought by Appellants is contractually and statutorily barred. *See Casas v. Am. Airlines, Inc.*, 304 F.3d 517, 524–25 (5th Cir. 2002); *see generally N.Y. Cent. & Hudson River R.R. Co. v. Beaham*, 242 U.S. 148, 151–52 (1916).

### Conclusion

"One should not be permitted to avoid the consequences of a contract freely entered into simply because he or she elected not to read and understand its terms before executing it, or because, in retrospect, the bargain turns out to be disadvantageous." *Gainesville Health Care Ctr., Inc. v. Weston*, 857 So. 2d 278, 288 (Fla. 1st DCA 2003).

Appellants expressly waived any right to seek losses of intended business, a form of consequential damages, against American in the Conditions of Carriage. The trial court did not err in dismissing Appellants' complaint with prejudice because any amendment would have been futile.

*Affirmed.*

KLINGENSMITH, C.J., and CIKLIN, J., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

3